**Richard M. FINDER, Appellant,**

v.

**E. L. CHEENEY COMPANY et al.,**
**Appellees.**

**No. 6612.**

Court of Civil Appeals of Texas.

Beaumont.

April 18, 1963.

James S. Robertson, Jr., Dallas, for appellant.

Robert S. Tucker and Clarence D. Cain, Liberty, for appellee.

McNEILL, Justice.

Appellant, owner of an oil and gas lease in Liberty County, employed E. L. Cheeney Company, appellee, to conduct certain re-

working operations on Hooks No. 9 well thereon. During the reworking and while tubing, consisting of 94 joints and 5 tail joints, was being run into the well bore, the 4th and 5th joints from the top of such tubing separated and all of the tubing below such point of separation fell to the bottom of the well. Seventy-five joints of the tubing were recovered but the remaining joints could not be recovered, which caused the well to be plugged and abandoned. Appellant filed suit against appellee for damages in excess of $40,000.00, alleging that Hooks No. 9 well had to be abandoned because of the negligence of appellee in allowing said tubing to be dropped, thus causing a new well to be drilled at a cost in excess of $40,000.00, and prayed for recovery of such sum and also for $1,567.82, the value of the tubing lost in the former well.

Appellee filed a cross-action against appellant upon an itemized, verified account for labor, material and equipment furnished by it to appellant in the amount of $6,-618.22, the principal part of which was for work done on the Hooks No. 9 well, and for attorneys fees in the amount of $3,000.-00 under Article 2226, V.A.C.S.

This cause was submitted to a jury on special issues, the first twenty-three of which had to do with whether, in the reworking operations for appellant, appellee was an independant contractor, whether it was guilty of negligence in allowing the tubing to separate and whether this was the proximate cause of appellant's damage. The other three issues (Nos. 14, 15 and 16) had to do with appellee's cause of action on its account and amount of attorneys fees. The sum of $2,006.07 was found as reasonable attorneys fees for appellee's attorneys and another issue found that the amount of indebtedness due E. L. Cheeney Company by appellant was $6,618.22.

The jury was unable to answer most of the issues pertaining to appellant's cause of action, but the court accepted the incomplete verdict. Appellee thereupon filed motion for severance and for judgment on its cross-action, and subject thereto, filed a motion to enter judgment in favor of appellee notwithstanding the verdict of the jury. The latter motion was based upon the proposition that as a matter of law appellee was not an independent contractor in connection with the work done on Hooks No. 9 well and, therefore appellee was not responsible therefor, that accordingly the court should enter judgment that appellant take nothing by his suit and that the court enter judgment for appellee on the itemized account with attorneys fees. The court overruled this motion for judgment, n. o. v., but granted appellee's motion for severance upon the ground that appellant's cause of action and that of appellee against appellant were separate and distinct causes of action, and thereafter rendered judgment for appellee based upon the jury's answers to special issues 14, 15 and 16 in favor of appellee against appellant in the total of $11,037.71. At the same time the court granted a mistrial as to the first twenty-three issues, most of which had been unanswered, and ordered a new trial as to appellant's cause of action. Appellant gave notice of appeal from the order granting appellee's motion for severance in original cause, No. 16403, and from the judgment in appellee's favor on its sworn account in the severed cross-action, No. 16403–A.

Appellant's complaint here is that the trial court erred in severing the original action from the cross-action of appellee. Appellant filed no motion for new trial. Appellee urges its motion to dismiss this appeal for lack of jurisdiction on account of appellant's failure to file motion for new trial. Rule 324, T.R.C.P., as amended, effective September 1, 1962, provides that motion for new trial is a prerequisite to urge an error upon appeal in jury cases except in the following instances:

   (a) Where a pre-emptory instruction was given (or cause withdrawn from jury and judgment rendered);

   (b) In rendering or refusing to render judgment, n. o. v., or notwithstand-

ing the finding of the jury on one or more special issues;

(c) Where a motion for judgment in behalf of appellant was overruled;

(d) Where the appeal is based on some error of the trial court arising after its action on motion for new trial;

(e) Complaints mentioned in Rule 325.

Appellee says that since none of these exceptions apply and appellant made no such motion for new trial, this court has no jurisdiction of the cause and the appeal should be dismissed.

Appellant answers this argument by asserting that the "obvious effect of the order of severance and the judgment on the cross-action was the rendition of a judgment notwithstanding the findings of the jury on one or more special issues and as such it was not necessary for the plaintiff (appellant) to file a motion for a new trial in order to perfect his appeals from such order of severance and judgment". In support of this proposition, he cites Rule 324 and the cases of City of Lamesa v. Hutchinson, Tex.Civ.App., 336 S.W.2d 861, and Great American Indemnity Co. v. Meyer, Tex.Civ.App., 285 S.W.2d 276. These cases do not support his proposition. In the former, appellant filed a motion for judgment, n. o. v. (p. 865). In the latter, the court entered a judgment upon motion to disregard a finding of the jury. The case of Rowney v. Rauch, Tex.Civ.App., 258 S.W.2d 371, (W.R.), controls the question before us. In the opinion on rehearing, 258 S.W.2d p. 374, the court holds that action of a trial court which constructively operated as an instructed verdict is not sufficient upon which to base an appeal within the meaning of Rule 324, T.R.C.P.

■ Appellant's point not having support in a motion for new trial and not based upon any exception listed above, cannot

be considered. We have considered the proper order or orders to be made under the circumstances herein. Appellant, though failing to properly raise the issue of severance, has brought the whole controversy to this court—both the final appealable judgment on appellee's severed cross-action (Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76) and the interlocutory order of severance in the original cause. 4 McDonald, Tex.Civ.Prac., Sec. 17.03, pp. 1306–1314. The judgment granting appellee recovery upon its cross-claim will be affirmed. Miller v. Miller, Tex.Civ.App., 274 S.W.2d 762, (W.R.); Sterley Com. Sch. Dist. v. County Board of Trustees, Tex.Civ.App., 200 S.W.2d 717. Since the order of severance is not an appealable one, the appeal therefrom will be dismissed.

■ Notice should be taken of appellee's cross-point. This point states that the trial court erred in overruling appellee's motion for judgment, n. o. v., because the evidence showed conclusively that appellee did not conduct the reworking operations on Hooks No. 9 in the capacity of independent contractor. At least two reasons require us to overrule this point. The first is that since the appeal in this cause was not properly before us, we may not consider the point. Secondly, inasmuch as the trial court, after granting the severance, declared a mistrial and ordered a new trial on appellant's cause of action, appellee's point necessarily attacks the granting of the new trial upon this section of the original case. To recognize the cross-point would be, in effect, to allow an appeal from the order granting a new trial. This may not be done. Equitable Life Assurance Society v. Murdock, Tex.Civ.App., 219 S.W.2d 159; 3 Tex.Jur.2d 375. The appeal from the order of severance is accordingly dismissed for want of jurisdiction. The judgment of the trial court in the severed cause allowing recovery to appellee on its counterclaim is affirmed.