J. Roy CRUTCHFIELD, d/b/a Crutchfield Fertilizer Company, Appellant,

v.

ASSOCIATES INVESTMENT COMPANY, Appellee.

No. 16296.

Court of Civil Appeals of Texas.

Dallas.

Jan. 3, 1964.

Rehearing Denied Feb. 21, 1964.

**958**

Gassaway, Allen & Norman, Borger, John F. Tomlin, Pecos, Johnson & Dionne, Fort Stockton, for appellant.

Robert R. Cole, Dallas, Campbell, Brock, Wright & Waters, Lubbock, McGown, Godfrey, Logan & Decker, Fort Worth, for appellee.

Crenshaw, Dupree & Milan, Lubbock, Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr., and Irion, Cain, Cocke & Magee, Dallas, Lynch & Chappell, Midland, Amici Curiae.

BATEMAN, Justice.

Appellee obtained a summary judgment for debt based upon written contract by which appellant contracted for the purchase of certain tanks and accessories from Superior Manufacturing Company, which assigned the contract to appellee the same day it was made.

Appellant's one "point of appeal" is: "The trial court erred in granting Appellee's motion for summary judgment, there being one or more genuine issues as to material facts raised by the pleadings and affidavits." Appellee objects to our consideration of this point of error because it is too general to comply with the requirements of Rule 418, Texas Rules Civil Procedure, citing White v. Great American Reserve Insurance Co., Tex.Civ.App., 342 S. W.2d 793, no wr. hist., and Little v. Employees Security Life Insurance Co., Tex. Civ.App., 343 S.W.2d 517, err. ref. n. r. e. We consider the criticism of the point to be sound, but in accordance with our usual practice, and as we did in both of the cited cases, we shall look to the statements and argument in appellant's brief to determine, if possible, exactly the nature of his complaint.

His position seems to be that the contract sued upon was procured and induced by fraudulent representations that the tanks he contracted to purchase were manufactured and delivered to another, to whom appellant had agreed to lease the same, but

that in fact the tanks had not even been constructed; also that the consideration for his agreement had failed.

Appellant does not contend that he was prevented from knowing, or that he did not know, the contents of the contract he signed; and appellee says that he is estopped from defending on the ground of fraud, as against appellee, because of the following statements contained in that contract:

"(3) Said property is now in possession of the Mortgagor and shall not be removed from its present location without the written consent of Mortgagee; that said property is now and shall at all times be kept in good condition and repair; that said property shall not be used in violation of any State or Federal law; that said property may be inspected by the Mortgagee from time to time as it may demand.

\*    \*    \*    \*    \*    \*

"(8) The Mortgagee may assign this mortgage and in event of such assignment the Mortgagor shall perform all promises herein contained to such assignee as the owner hereof and the Mortgagor agrees that after such assignment, the Mortgagor will settle all claims against the Mortgagee directly with it and agrees not to set up any claim which the Mortgagor may have against the Mortgagee as a defense, set-off, cross-complaint, or otherwise to any action for the purchase price or possession of said property brought by the owner hereof."

■ Regardless of whether appellant's answer or affidavit raised material fact issues in connection with his alleged defenses, it is our view that appellant was estopped by the above quoted contractual provisions to assert such defenses and that, as a matter of law, he is indebted to appellee for the debt sued for and that if he has any right of redress against anyone it is against Superior Manufacturing Company, with which he contracted. Therefore the summary judgment was correct and is affirmed.

Affirmed.

## ON MOTION FOR REHEARING

■ Appellant now argues, for the first time on his motion for rehearing, that Article 570, Vernon's Ann.Tex.St., providing that the assignee of a non-negotiable instrument "shall allow every discount and defense against the same which it would have been subject to in the hands of any previous owner before notice of the assignment was given to the defendant," established a public policy to the effect that a party to a non-negotiable contract is powerless to waive or forego the right to assert his defenses against the assignee and agree to assert such defenses only against the other party to the original contract. He cites no Texas case in support of this proposition, and we can find none. We do not believe that this is the law in Texas.

■ The public is not interested in, or in any wise affected by, the contract in question. If public policy is involved, it is that public policy which "permits the utmost freedom of contract between parties of full age and competent understanding and requires that their contracts, when freely and voluntarily entered into, shall be held sacred and enforced by the courts \* \* \*." 10–A Tex.Jur. 204, CONTRACTS, § 103; St. Regis Candies v. Hovas, 117 Tex. 313, 3 S. W.2d 429; Reef v. Mills Novelty Co., 126 Tex. 380, 89 S.W.2d 210.

The motion for rehearing is overruled.