**Burnett ESTES, Appellant,**

v.

**CONTINENTAL BANK & TRUST CO., Appellee.**

**No. 16975.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 20, 1967.

Rehearing Denied Nov. 17, 1967.

Sam Rodehaver, of Hooks & Wyrick, Dallas, for appellant.

Frank L. Skillern, Jr., of Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

DIXON, Chief Justice.

Burnett Estes has appealed from a summary judgment against him for $525,000 based on a contract of guaranty.

On October 5, 1964 Clarence H. Everett & Co., Inc. and Clarence H. Everett individually executed a promissory note in the amount of $500,000 to appellee Continental Bank & Trust Co. of Houston, Texas, said note being payable on demand, or if no demand, in 90 days from date and providing for reasonable attorneys' fees.

The note was secured by collateral held by appellee Bank including three building construction contracts, a first lien note, a second lien note, corporation stock in Clarence H. Everett & Co., Inc. and other items which need not be described in detail.

On the same date, October 5, 1964, appellant Burnett Estes in connection with

the above loan executed a guaranty contract whereby he did "guarantee to the Bank * * * the prompt payment at maturity of any and all indebtedness that is now, or at any time hereafter may become, owing to the Bank from the borrower" not to exceed $500,000. The agreement also provided for 10 per cent attorneys' fees if placed in the hands of an attorney for collection, etc.

Unfortunately Clarence H. Everett & Co., Inc. became involved in financial difficulties. It was unable to complete performance of its three contracts for the construction of certain buildings. The surety on its performance bond had to complete construction of the buildings. Clarence H. Everett & Co., Inc. and Clarence H. Everett, individually, defaulted in payment of the $500,000 note. Suit was filed against them and appellant on the note and contract of guaranty.

On June 1, 1965 appellee filed a motion for partial summary judgment against Clarence H. Everett & Co., Inc. and Clarence H. Everett individually for a balance of $448,743.46 principal plus interest at 6½ per cent from January 9, 1965. This motion was sustained and partial summary judgment rendered by agreement against the two above named defendants.

On November 11, 1966 appellee Bank filed a motion for summary judgment against Burnett Estes. This motion was supported by the affidavit of a vice-president of the Bank, by the pleadings, by answers to requests for admissions and by answers to interrogatories. Hearing of this motion was set for November 23, 1966.

The above affidavit itemized the payments advanced to the borrowers pursuant to the terms of the note and also the payments made and credited to the borrowers. It also stated the status and disposition made of the collateral which had been left with appellee.

On November 21, 1966 appellee filed what may be regarded as a supplemental affidavit in support of its motion. Richards v. Allen, 402 S.W.2d 158 (Tex.Sup.1966). This affidavit amplified the statements in the first affidavit by including copies of a ledger sheet, bank deposit slips and cancelled checks.

The court did not render judgment on November 23, 1966, the date of the hearing, but took the matter under advisement. On November 28, 1966 appellee's motion was sustained and judgment rendered against appellant for the sum of $500,000 plus $25,000 attorneys' fees.

Appellant's first point on appeal is that the court erred in permitting appellee to file an affidavit in support of its motion for summary judgment after the date of the hearing without notice to him and without giving him an opportunity to controvert the affidavit.

The challenged affidavit was filed on November 28, 1966, the date final summary judgment was rendered following the hearing on November 23, 1966. There is no showing that appellant had knowledge of the filing of the affidavit or that he was given an opportunity to controvert it.

▇ We think it was error to permit the filing of the affidavit and to render summary judgment on the same day without notice to appellant and without giving him an opportunity to file a controverting affidavit. However, the statements made in the affidavit, whether true or not, are immaterial to the outcome of this case either in the trial court or on appeal. The affidavit asserts that appellant's attorney well knew that appellee was about to release part of the collateral and even agreed to the particular releases. As we shall point out in our consideration of appellant's second point on appeal, the question of prior notice to appellant as to the handling of the collateral by appellee has no bearing on the outcome of the case in view of the terms of the contract of guaranty. Therefore the belated filing by appellee of the affidavit on November 28, 1966 must be considered harmless

error. For that reason appellant's first point on appeal is overruled.

■ In his second point appellant says "that fact issues were raised by the pleadings and Appellant's controverting answers to Motions for Summary Judgment, and various Affidavits, such facts being of a nature to remove the cause from the providence (sic) of the court, and requiring a fact finding body."

The above point is too general and uncertain to require our consideration. Crutchfield v. Associates Investment Co., 376 S.W.2d 957 (Tex.Civ.App., Dallas 1964, writ ref'd).

However, we shall consider the above point since we gather from the statement and authorities under the point that appellant complains because appellee did not give notice to appellant before releasing or allowing withdrawal of some of the collateral held by appellee. There is no merit in appellant's contention.

■ The contract executed between appellant and appellee is not a conditional guaranty. It does not merely guarantee "collection" of the note should the Bank first be unsuccessful in its efforts to effect collection from the borrowers themselves. It expressly guarantees "the prompt payment at maturity" of any and all indebtedness due by Clarence H. Everett & Co., Inc. to the Bank. It is an absolute guaranty. El Paso Bank & Trust Co. v. First State Bank, 202 S.W. 522 (Tex.Civ.App., El Paso 1918); 27 Tex.Jur.2d 283, 320. The distinction is not without significance in this case in regard to the rights of appellant and appellee.

The absolute nature of the guaranty is further shown by other express provisions:

"*Whenever any indebtedness, or any renewal thereof hereunder, shall become due and remain unpaid,* the *Guarantors* * * * *will on demand* * * * and without any notice having been given to the Guarantors previous to such demand, of the acceptance by the Bank of this guaranty, and without any notice having been given to the Guarantors previous to such demand, of the creating or incurring of such indebtedness, *pay the amount due thereon to the Bank,* * * * and it shall not be necessary for the Bank, in order to enforce such payment by the Guarantors, to first institute a suit, or exhaust its remedies against Borrower, or others liable on such indebtedness, *or to enforce its rights against any security which shall have been given the Bank to secure such indebtedness.*

"Notice to the Guarantors of the acceptance of this guaranty, and of the making, renewing or assigning of any indebtedness hereby guaranteed, is hereby expressly waived by the Guarantors. * * *

"The Bank, its successors and assigns, shall not be liable for failure to use diligence in the collection of any indebtness hereby guaranteed. * * *

"It is specially agreed that *the liability of each of the Guarantors* for the payment of each note, or other obligation secured hereby, *shall be primary and not secondary;* * * *.*" (Emphasis ours.)

Furthermore, we think appellant's claim that he was entitled to notice before any of the collateral was released is negatived by the express terms of the contract. We quote from the instrument itself:

"If any, or all, of the indebtedness hereby guaranteed be secured, *the Guarantors agree that the Bank may, from time to time, at its discretion, and with or without valuable consideration, allow substitution or withdrawal of collateral, or may release security;* and should the Borrower execute in favor of said Bank any collateral agreement, the exercise by the Bank of any right conferred upon it in said agreement, shall be wholly discretionary with the Bank, and such exercise of, or failure to exercise, such right shall in no wise impair or

diminish the obligations of the Guarantors hereunder." (Emphasis ours.)

It will be observed that the provision above quoted gives the Bank the right with or without consideration to allow substitution or withdrawal of collateral, or release of security at the Bank's discretion. The provision is in our opinion plain and unambiguous. It does not require notice to appellant either expressly or by implication, but by clear implication expresses a contrary intention. Appellant's second point is overruled.

Appellant does not deny under oath appellee's sworn statement of the amount paid to Clarence H. Everett & Co., Inc. or to Clarence H. Everett individually; nor does he deny under oath the truth of appellee's sworn statement of payments received and credited on the borrower's note.

The judgment of the trial court is affirmed.