**INSTANT CREDIT SERVICE, INC. et al., Appellants,**

v.

**Sterling McCLANAHAN et al., Appellees.**

**No. 12063.**

Court of Civil Appeals of Texas, Austin.

July 25, 1973.

Rehearing Denied Aug. 15, 1973.

Clifton L. Holmes, Austin, for appellants.

George Wm. Perry, Hartt & Perry, Inc., Dallas, for appellees.

SHANNON, Justice.

This is an appeal from an order overruling appellants' plea of privilege and per-

tains to Vernon's Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 7.

Appellees [1] filed suit in the district court of Bell County to recover $6,000 in damages and $25,000 in exemplary damages from appellants R. E. Pierson and Instant Credit Service, Inc.[2] Appellees' claim arose from the alleged fraud in the inducement of contracts executed between appellees and Instant Credit Service, Inc. The corporate appellant is a domestic corporation with its registered office located in Dallas County and appellant Pierson is a resident of Collin County, and appellants filed pleas of privilege to be sued in those counties. In their controverting plea, appellees pleaded that the cause of action was properly maintained in Bell County by reason of subdivision 7.

Upon trial to the court, the court entered judgment overruling appellants' plea of privilege. We will affirm that judgment.

By several points of error appellants claim that the court erred in (1) finding that the acts of appellants constituted fraud; (2) in admitting evidence of a suit pending in Brown County between appellants and the State of Texas; and (3) in admitting evidence relating to conversations, agreements and representations allegedly made to appellees by Pierson prior to the execution of the written contracts.

Appellees are residents of Bell County and operate merchandising businesses there. Instant Credit is a credit service business and Pierson is its agent, employed to solicit participants for its credit card program. In May and June, 1972, Pierson visited with appellees in Bell County at their respective places of business, and represented that certain beneficial consequences would accrue to appellees if they contracted for his company's credit serv-

1. Sterling and Jerrine McClanahan, doing business as the House of Sterling; Don Von, doing business as Von Music; Doris Langford, doing business as Tex's True Value Hardware Center; T. M. Gollihiri, doing business as Tom's Auto Supply; and Doyle Whitehead and Ron Ambrose, doing business as Ragsdale Service Company.

2. Usually termed "Instant Credit" in this opinion.

ices. Among other things, he represented that Instant Credit was a national credit card organization which conducted a credit card clearing house, and accepted all credit cards without recourse. Pierson said further that Instant Credit would reimburse appellees for all valid credit vouchers submitted to it and pay within thirty days. Instant Credit would accept all credit card risks without recourse upon appellees joining their credit card program, and would accept any type of major or known credit card, regardless of whether the cardholder customer was a good moral risk or not. Pierson said that he was selling memberships in the Instant Credit card program only to a few merchants in one city in the county.

Pierson also represented that credit vouchers submitted by member merchants would be paid without the member being required to complete every detail of the voucher. Instant Credit would furnish credit cards, free of charge to customers, upon receipt of the first voucher from the merchant member, and the fees for credit card services would be less than that charged by major credit card companies. Pierson stated further that Instant Credit would return the $300 membership fee at a certain percentage each month.

In May and June, 1972, each appellee paid Pierson, for the benefit of Instant Credit the sum of $300 by check for the purpose of becoming a member merchant of the credit card program. Some of the checks were cashed by Pierson in Bell County.

Thereafter, each of the appellees extended credit to customers, and submitted the credit voucher forms of Instant Credit signed by the customers to Instant Credit in Dallas.

Appellees received notices from Instant Credit that a number of the voucher forms lacked sufficient information, such as customer's height, or weight, or color of eyes, or color of hair, or home phone, or social security number, or driver's license number, or Armed Forces ID card number, or

that credit vouchers were late in not arriving at the principal office of Instant Credit within seven days.

Some of the appellees received no return from Instant Credit on credit vouchers submitted; while some received a small percentage of collections made on the printed vouchers submitted, but not within thirty days of date of submission. Instant Credit then terminated each of the membership contracts of appellees without returning any part of the $300 membership fee.

Appellees' evidence was that many of the representations were not true.

Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 7, provides that in a suit wherein the basis for recovery is fraud, the suit may be brought in the county where the fraud occurred. Under subdivision 7 three venue facts must be established: (1) that the fraud occurred, (2) that the fraud was committed by the defendant or by one for whose acts he is legally responsible, and (3) that the fraud occurred in the county of suit. 1 McDonald, Texas Civil Practice § 4.13 (1965 Rev. vol.).

■ From an examination of the record we are of the opinion appellees adduced some evidence showing the existence of the required venue facts.

■ By their second contention appellants claim that the court committed reversible error in admitting proof of a suit pending in Brown County between appellants and the State of Texas. That proof consisted of an instrument purporting to be a temporary injunction signed by the district judge of Brown County on September 14, 1972, which enjoined Robert E. Pierson and Hank Price, II individually "and d/b/a Instant Credit Service, Inc." from committing certain acts.

Aside from the matter of relevancy, appellees' proof should not have been received since appellees wholly failed to comply with Tex.Rev.Civ.Stat.Ann. art. 3731a. However, from an examination of the

statement of facts, we are unable to conclude that the admission of the instrument was harmful since the judgment was supported by other competent evidence.

 Appellants third contention will not be sustained since parol evidence was admissible to establish that the contracts were induced by fraud. Dallas Farm Machinery Company v. Reaves, 158 Tex. 1, 307 S.W.2d 233 (1957).

The judgment is affirmed.

Affirmed.