Palmer **BOWSER** et al., Appellants,

v.

The **COCA–COLA COMPANY**, Appellee.

No. 959.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 24, 1974.

Rehearing Denied May 15, 1974.

Robert E. Newey, Dazey & Newey, Houston, for appellants.

Jon D. Totz, Ronnie Horsley, Daniel S. Trachtenberg, Lapin, Totz & Mayer, Houston, for appellee.

COULSON, Justice.

This is an appeal from a summary judgment against appellants Palmer Bowser, Jr., and Augusta J. Foster, Jr., individually and d/b/a B & F Food Center, a partnership, defendants below, and for appellee, the Coca-Cola Company. Suit was brought on a sworn account for $2,002 plus attorney's fees.

Appellants were allegedly served by substituted service under Rule 106, Texas Rules of Civil Procedure, at their place of business. They filed a motion to quash service, stating that appellee's petition was

served at appellants' former place of business and that both appellee and its counsel had been informed by certified mail of appellants' move and of their new addresses previous to the motion for substituted service. No hearing was ever requested nor was a ruling on the motion to quash ever made. Appellee then made a motion for summary judgment. The original was transmitted to the trial court on September 19, 1973, and a copy was transmitted by certified mail on that same day to appellants' attorney. The motion stated that the hearing on it would be held on October 5, 1973. On October 2, 1973, the trial judge signed the order setting the hearing on the motion for summary judgment. The clerk's file-mark on the motion is October 3, 1973. The hearing was held on October 5, 1973, and the motion for summary judgment was granted. Appellants neither answered the motion for summary judgment nor appeared at the hearing on the motion. No motion for new trial was filed.

Appellants' first argument is that the trial court erred in entering summary judgment without first ruling upon their motion to quash service. They assert that a case will be reversed and remanded when a motion to quash has been improperly overruled and a defendant has been rushed into a trial on the merits within the twenty-odd day period he should have been allowed under Rule 122, Tex.R.Civ.P. *See* Western Cottage Piano & Organ Co. v. Anderson, 97 Tex. 432, 79 S.W. 516 (1904).

■■ It is clear that the entry of summary judgment also necessarily constituted an overruling of the pending motion to quash service. Rule 325, Tex.R.Civ.P., provides:

In cases of motions for continuance, or for change of venue, or other preliminary motions made and filed in the progress of the cause, the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the motion for new trial; and the judge may recite in his order disposing of the motion for new trial the grounds of such ruling. Nothing in Rule 324 shall render a motion for new trial unnecessary in the instances mentioned in this Rule nor in instances of newly discovered evidence, misconduct, fraud or the like.

Rule 324, Tex.R.Civ.P., states the instances in which a motion for new trial shall be a prerequisite to appeal. Since a motion to quash is a preliminary motion, the appellants cannot complain on appeal of any ruling on their motion to quash in the absence of a motion for new trial, even though the judgment appealed from is a summary judgment. In an analogous situation, the Supreme Court in City of Corpus Christi v. Gregg, 155 Tex. 537, 289 S. W.2d 746 (1956), said that Rule 325 required a motion for new trial as an appellate predicate to complain of the trial court's ruling on a motion for continuance, despite the fact that the trial court has entered an instructed verdict which under Rule 324 did not require a motion for new trial as an appellate predicate.

Appellants' second argument is that they were not given the proper ten-day notice of the hearing on the motion for summary judgment, because the order setting the hearing was signed by the trial judge three days before the hearing and the motion was filed two days before the hearing. Appellants urge that this was a flagrant violation of the ten-day notice requirement of Rule 166–A(c), in that the date of filing commences the running of the ten-day period.

■ Rule 166–A(c), Tex.R.Civ.P., provides in pertinent part: "The motion [for summary judgment] shall be served at least ten days before the time specified for the hearing." Appellants do not dispute the fact that they received a copy of the motion for summary judgment more than ten days before the hearing and that the motion apprised them of the date of the hearing. Assuming that the method described above for setting the hearing and

filing the motion was irregular, we cannot see in what manner appellants were harmed. Appellants were given more than ten days notice, and the fact that the motion was subsequently filed less than ten days before the hearing did not shorten the period in which they had been on notice of the hearing.

Affirmed.