**R. E. PIERSON et al., Petitioners,**

v.

**Sterling McCLANAHAN et al., Respondents.**

**No. 12332.**

Court of Civil Appeals of Texas, Austin.

Dec. 10, 1975.

Rehearing Denied Jan. 7, 1976.

Warren C. Lyon, Dallas, for petitioners.

Hank Price, II, pro se.

George Wm. Perry, Dallas, for respondents.

SHANNON, Justice.

The jurisdiction of this Court is invoked by the filing of three petitions for writs of error with the district clerk of Bell County to review a judgment entered by the district court of Bell County. Petitioners are R. E. Pierson, Instant Credit Service, Inc., and Hank Price. Respondents are Sterling and Jerrine McClanahan, doing business as the House of Sterling; Don Von, doing business as Von Music; Doris Langford, doing business as Tex's True Value Hardware Center; T. M. Golliheari, doing business as Tom's Auto Supply; and Doyle Whitehead and Ron Ambrose, doing business as Ragsdale Service Company.

Respondents filed suit in the district court of Bell County to recover actual and exemplary damages from petitioners Pierson and Instant Credit Service, Inc. Respondents' claim arose from the alleged fraud in the inducement of contracts executed between respondents and Instant Credit Service, Inc. Petitioners filed pleas of privilege to be sued in Dallas County and Collin County. The district court overruled the pleas of privilege, and that order was affirmed by this Court in July of 1973. *Instant Credit Service, Inc. v. McClanahan*, 497 S.W.2d 954 (Tex.Civ.App.1973, writ dism'd).

The events culminating in the entry of the judgment are as follows. The transcript shows that on September 23, 1974, the district court notified counsel for all parties that the case was set for a jury trial for November 11, 1974, at 9:00 A. M. On October 29, 1974, attorney Clifton Holmes wrote petitioner Price that he was " . . . withdrawing from your employ as counsel in this matter [*McClanahan v. Pierson*], recognizing your inability to pay attorney's fees and, at the same time, retain sufficient capital to meet the obligations you have assumed from ICS. I have enjoyed my association with you in the past and wish you best [*sic*] in your *pro se* efforts in the future."

On November 2, 1974, Lloyd W. Westerlage, a member of the Dallas County bar, wrote petitioner Price, "This is to confirm the fact that neither you, Mr. Robert E. Pierson or Instant Credit Service, Incorporated desires that I continue to represent any of you in the above referenced matter. Therefore, this is to notify you that I withdraw therefrom subject to the pleasure of the court."

Thereafter, petitioner Price undertook the defense of his interests. On November 5, 1974, he filed with the district clerk a number of pleadings in a *pro se* capacity.

A pre-trial conference was held on Friday, November 8, 1974. Counsel for re-

spondents and Price and Pierson were in attendance at that conference.

In his affidavit petitioner Price swore that on Saturday, November 9, he obtained counsel to represent Instant Credit Service, Inc., in the trial on the following Monday. He also swore that it was necessary to secure the written approval of the president of the corporation before counsel was authorized to act. Price claimed that on Saturday he called counsel for respondents by telephone to inform him that it would be about noon Monday, November 11, before he and counsel could arrive in Belton from Dallas. Price also swore that counsel for respondents agreed to inform the district court of the telephone call.

The district court called the case at 10:35 A.M. on Monday, November 11, 1974. Petitioners did not appear in person or by counsel. Respondents waived trial by jury and then proceeded to trial before the court. Respondents called five witnesses and placed in the record evidence of liability and damages. See *Frymire Engineering Company, Inc. v. Grantham*, 524 S.W.2d 680 (Tex.1975). At the conclusion of the evidence the court rendered judgment for respondents. The court signed the judgment, labeled "default judgment," on November 14, 1974.

Seventeen days later, December 2, 1974, Instant Credit Service, Inc., filed its "Motion to Set Aside Default Judgment." On the same date Price and Pierson filed a separate "Motion to Set Aside Default Judgment." After hearing wherein respondents called no witnesses, the district court overruled those motions.

Petitioners' point of error one is that the district court " . . . abused its discretion in overruling Defendants' Motion to Set Aside Default Judgment." We will overrule the point.

■ The rules which govern the consideration of a motion for new trial to set aside a default judgment are well defined. A default judgment should be set aside and a new trial ordered in any case in which (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; (2) provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939).

The rule in *Craddock v. Sunshine Bus Lines, Inc., supra*, was restated and explained by the Supreme Court in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). Concerning the requirement that the defaulting defendant must set up a "meritorious defense," Chief Justice Calvert carefully explained that the rule in *Craddock v. Sunshine Bus Lines, Inc., supra*, does not mean " . . . that the motion [for new trial] should be granted if it merely *alleges* that the defendant 'has a meritorious defense.' The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving *prima facie* that the defendant has such meritorious defense." *Ivy v. Carrell, supra*, at page 214. (Emphasis by the Supreme Court).

■ Because we have concluded that petitioners' motions to set aside the default judgment do not "set up a meritorious defense," it is not necessary to consider whether or not petitioners' failure to appear and defend their interests was not intentional or the result of conscious indifference, but instead was due to a mistake or accident.

The most casual examination of the transcript shows that petitioners' motions to set aside the default judgment do not meet the test of *Ivy v. Carrell, supra*, in that those motions did not allege facts which would constitute a defense to respondents' cause of action and those motions were not supported by affidavits or other evidence prov-

ing *prima facie* that petitioners had a meritorious defense. In paragraph six of its "Motion to Set Aside Default Judgment," petitioner Instant Credit Service, Inc., stated that it had " . . . a good and meritorious defense to the cause of action alleged in Plaintiffs' First Amended Original Petition in that neither ICS [Instant Credit Service, Inc.] or its agents induced the Plaintiffs to sign the written contracts by fraud or misrepresentation." *Ivy v. Carrell, supra,* requires that the allegation in the motion " . . . must be supported by affidavits or other evidence proving *prima facie* that the defendant has such meritorious defense." Petitioner Instant Credit Service, Inc., did not support its motion in any manner, much less by an affidavit or other evidence proving *prima facie* that it had a meritorious defense.

In paragraph two of their "Motion to Set Aside Default Judgment" petitioners Price and Pierson alleged that they had " . . a meritorious defense to the Plaintiffs' First Amended Original Petition as shown by their First Amended Original Answer which was offered to and allowed by the Clerk of this Court to be filed after the default judgment had been granted." The rule of *Ivy v. Carrell, supra,* is that the motion for new trial should not be granted " . . . if it merely *alleges* that the defendant 'has a meritorious defense.' The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff . . ." (Emphasis by the Supreme Court) By no stretch of the imagination can it be said that paragraph two of Price's and Pierson's motion alleges *facts.* Furthermore, there is nothing to that part of paragraph two of Price's and Pierson's motion alleging a meritorious defense "as shown by their First Amended Original Answer." An examination of the transcript does not reveal that such a pleading was even filed.

Unlike petitioner Instant Credit Service, Inc., petitioners Price and Pierson did file affidavits in an effort to support paragraph two of their motion to set aside the default

judgment. Most of the statements contained in those affidavits concern petitioners' efforts to demonstrate that their failure to appear for trial was due to a mistake or accident. One affidavit, that of Dan L. Hilliard, a polygraph examiner, does represent an attempt to prove *prima facie* that Price and Pierson had a meritorious defense. In the affidavit Hilliard swore that he examined Pierson with respect to statements that he had made to those persons he had contracted with over a two-year period, and Hilliard was of the opinion that Pierson did not " . . . deliberately lie, nor did he give false information, to those who contracted for the ICS credit service."

The affidavit of the polygraph examiner does not prove *prima facie* that Price and Pierson had a meritorious defense to petitioners' cause of action. Moreover, results of a polygraph examination are not admissible in civil suits. *Central Mutual Insurance Co. v. D. & B., Inc.,* 340 S.W.2d 525 (Tex.Civ.App.1960, writ ref'd n.r.e.), *Skillern & Sons, Inc. v. Stewart,* 379 S.W.2d 687 (Tex.Civ.App.1964, writ ref'd n.r.e.). As Hilliard could not have testified as to the results of the polygraph test at the hearing on the motion to set aside the default judgment, his affidavit, likewise, was not sufficient to show *prima facie* that Price and Pierson had a meritorious defense.

Petitioners' second point of error is that the trial court erred " . . . in overruling Defendants' Motion for Separate Suits." On November 5, 1974, petitioner Price filed *pro se* a pleading titled, "Motion for Summary Judgment, or in the First Alternative, Motion for Separate Suits, or in the Second Alternative, Motion for Joinder of Parties Needed for Just Adjudication, or in the Third Alternative, Motion to Dismiss." The pre-trial conference order shows that the district court acted on several parts of that pleading. The same order specifically recites that the " . . . Motion for Severance be taken under advisement to be ruled on at the time of trial."

■ The transcript does not show that the motion for severance was acted upon before judgment was entered. It seems clear, however, that the district court by entering judgment implicitly overruled the pending motion for severance. See *Bowser v. Coca-Cola Company*, 509 S.W.2d 688 (Tex.Civ.App.1974, writ ref'd n.r.e.).

Tex.R.Civ.P. 325 provides as follows:

· "*Rule 325. Errors on Motions*

"In cases of motions for continuance, or for change of venue, or other preliminary motions made and filed in the progress of the cause, the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the motion for new trial; and the judge may recite in his order disposing of the motion for new trial the grounds of such ruling. . ."

■ As previously stated, petitioners filed three pleadings denominated "Motion to Set Aside Default Judgment." For purposes of this point, we will consider those motions as motions for new trial under Tex.R.Civ.P. 325. In none of those motions do petitioners complain that the district court erred in overruling the motion for severance. Because a motion for severance is a "preliminary motion," (see *Finder v. E. L. Cheeney Company*, 368 S.W.2d 62 (Tex.Civ. App.1963, no writ)), the overruling of the motion for severance will be considered as acquiesced in by petitioners. Tex.R.Civ.P. 325.

■ By their point of error three, petitioners claim that the judgment awarded to each of the respondents a greater sum of money than each had prayed for in the trial petition. A perusal of respondents' trial petition and the judgment shows that each respondent was awarded more in the judgment than he specifically prayed for in the petition. The extra sum for each respondent is accounted for, however, by the fact that the respondents had collectively prayed for a recovery of attorney's fees in the sum of $1,500.00. In the judgment each respondent was apportioned a part of the recovery for attorney's fees.

■ Petitioners' fourth and final point of error complains of the judgment in awarding exemplary damages to respondents.[1] The point clearly does not comply with Tex. R.Civ.P. 418 in that it does not direct the attention of the Court to the error relied upon. *McWilliams v. Muse*, 157 Tex. 109, 300 S.W.2d 643 (1957), *Crutchfield v. Associates Investment Company*, 376 S.W.2d 957 (Tex.Civ.App.1964, writ ref'd). We have read, however, the argument under the point in an endeavor to ascertain petitioners' complaint. In the argument we learn that petitioners complain that the allegations of exemplary damages in respondents' trial petition ". . . are only conclusory in nature, and no supporting facts are set out." In their trial pleading, respondents alleged that Pierson, as agent for Instant Credit Service, Inc., knowingly made certain material misrepresentations to respondents. Some fourteen such misrepresentations were then detailed in separate paragraphs. Respondents then pleaded that the petitioners knowingly made the misrepresentations ". . . for the purpose of injuring Plaintiffs, and each of them, and that the actions of the Defendants, and each of each, were of such nature as to justify exemplary damages in the sum of $5,500.00 to be prorated among the individual Plaintiffs in accordance with their losses . . ." The fourth point of error will be overruled.

The judgment is affirmed.

Affirmed.

PHILLIPS, Chief Justice (dissenting).

I respectfully dissent. This Court has just affirmed a default judgment which

---

1. "The trial court erred in awarding exemplary damages of $1500 to Plaintiffs Sterling and Jerrine McClanahan, $500 to Plaintiff Don Von, $2000 to Plaintiff Doris Langford, $750 to Plaintiff T. M. Golliheari, and $750 to Plaintiffs Doyle Whitehead and Ron Ambrose."

awards the respondents $4,009.61 in actual damages and $5,500.00 in exemplary damages.

Despite the Court's detailed account of the facts leading up to the default, the Court has not found that the failure of the petitioners to appear before judgment was intentional or the result of conscious indifference on their part. Neither does the Court assert that the setting aside of the default judgment would occasion a delay or otherwise work an injury to respondents.

The Court based its affirmance solely on petitioners' failure to set up a meritorious defense.

In their motion to set aside the default judgment, in addition to defensive pleadings denying the fraud, petitioners Pierson and Price incorporated the affidavit of a licensed and bonded polygraph operator in which the operator stated that during a five-hour polygraph examination of petitioner Pierson, covering the many charges of misrepresentation alleged by appellees, it was the operator's opinion, based on the polygraph results, that Pierson "did not deliberately lie, nor did he give false information to those who contracted for the ICS service." The affidavit stated that during the examination, Pierson truthfully denied each charge of misrepresentation concerning his sales efforts on behalf of Instant Credit over the past two years.

Petitioner Instant Credit Service, Inc., filed a separate motion to set aside the default judgment, which was sworn to by its attorney, and which stated, among other things, that Instant Credit Service, Inc., had "a good and meritorious defense to the cause of action alleged in Plaintiffs' First Amended Original Petition in that neither ICS or its agents induced the Plaintiffs to sign the written contracts by fraud or misrepresentation."

I would hold that the petitioners in this case have satisfied this requirement of setting up a meritorious defense. It is not necessary that the movant prove a meritorious defense; nor is he required to offer admissible evidence of such a defense. Rather, a motion to set aside a default judgment need only " . . . allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving *prima facie* that the defendant has such meritorious defense." *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

I fail to see what better defense a defendant in a fraud case can provide than to deny making the fraudulent statements attributed to him. The purpose of the requirement that the movant for a new trial set up a meritorious defense is "to prevent the reopening of cases to try out fictitious or unmeritorious defenses. But once these requirements are met, it is improper to try the defensive issues made by the motion or the pleadings." *Ivy v. Carrell, supra.*

I would set aside the judgment entered in the petitioners' absence, and remand the cause for trial on the merits.