**Lyman DUPLANTIS, D/B/A Easy Way Motor Co., Appellant,**

v.

**NOBLE TOYOTA, INC., Appellee.**

**No. 09 85 288 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 13, 1986.

Rehearing Denied Dec. 11, 1986.

Steve Walsh, Houston, for appellant.

Bernardo Aldape, Jr., South Houston, Charles E. Johanson and Andrea J. Uhlman, Austin, for appellee.

## OPINION

DIES, Chief Justice.

This is an appeal from a default judgment entered in favor of appellee (Noble) and against appellant (Duplantis). Noble Toyota, Inc., purchased a Toyota automobile from Duplantis. A Mr. Harris informed appellee that the vehicle belonged to him when Noble purchased it from Duplantis, and demanded the return of the vehicle. Noble filed suit on February 7, 1985, alleging that Duplantis had breached its implied warranty of title by selling the stolen vehicle. Citation was served on Duplantis on February 14, 1985. On March 20, 1985, Duplantis filed a motion to trans-

fer venue to Harris County. On September 3, 1985, the trial court signed a default judgment awarding Noble $7,075.00 for the purchase price of the vehicle, storage costs, and repairs. The only pleading that had been filed by Duplantis was the motion to transfer venue. Noble had filed an affidavit controverting this motion.

■ Duplantis filed a motion for new trial on September 20, 1985. The trial court overruled that motion on October 17, 1985. Duplantis argues that the trial court erred in granting the default judgment and in denying his motion for new trial. By his first two points of error Duplantis urges that the trial court erred in granting the default judgment without having ruled on his motion to transfer venue. Every one of the cases cited by appellant were decided under the old Texas plea of privilege statutes. Until 1983, Texas law provided that once a plea of privilege was filed, the burden was on the non-movant to obtain a hearing and ruling on the plea. However, the 1983 amendments to the plea of privilege practice put the burden of getting a hearing and ruling on the moving party. *See TEX.R.CIV.P. 87.* Duplantis admits that he never tried to set a hearing on the motion to transfer venue. Noble's affidavit controverting the motion to transfer was filed on May 3, 1985.

The transcript does not show that appellant's motion to transfer venue was ever ruled upon before the judgment was entered. It seems clear, however, to this court and to the parties that the trial court implicitly overruled the motion to transfer venue. *See Pierson v. McClanahan*, 531 S.W.2d 672, 677 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); *Bowser v. Coca Cola Company*, 509 S.W.2d 688 (Tex.Civ. App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.). *TEX.R.CIV.P. 325* provides as follows:

"In cases of motions for continuance, or for change of venue, or other preliminary motions made and filed in the progress of the cause, the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the

motion for new trial; and the judge may recite in his order disposing of the motion for new trial the grounds of such ruling. . . . "

Appellant's motion for new trial does not complain that the trial court erred in overruling his motion to transfer venue. Therefore, the overruling of appellant's motion to transfer venue will be considered as acquiesced in by the appellant. *See Pierson, supra,* at 677. Appellant's first and second points of error are overruled.

■ By his third point of error, appellant urges that the trial court erred in entering a default judgment for liquidated damages which were not proved by written instrument. Such damages are required to be proved by written instrument. *See TEX.R.CIV.P. 241; see also Hughes v. Jones,* 543 S.W.2d 885 (Tex.Civ.App.—El Paso, no writ). In the present case no statement of facts from the default judgment hearing was filed and there is nothing in the record to indicate that appellant ever requested that the court reporter prepare one. Where a party against whom a default judgment has been taken exercises due diligence and through no fault of his own is unable to obtain a statement of facts from the default hearing, a motion for new trial should be granted, at least where the defendant claims the evidence was insufficient to support a default judgment. *See Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex. Civ.App.—Dallas 1975, writ ref'd). Even so, an appellant does have a duty to provide the appellate court with a record, if one was made, or, in the alternative, show that no such record was made. *Mitchell v. Hunsacker Manufacturing, Inc.,* 520 S.W.2d 796 (Tex.Civ.App.—Waco 1975, no writ); *Johnson v. Brown,* 218 S.W.2d 317 (Tex.Civ.App.—Beaumont 1948, writ ref'd n.r.e.). Since appellant has failed to show that no record of the evidence is available, we presume that evidence sufficient to support the trial court's judgment was introduced at the default hearing. *See Baen-Bec, Inc. v. Tenhoopen,* 548 S.W.2d 799 (Tex.Civ.App.—Eastland 1977, no writ).

Appellant's third point of error is overruled.

By his fourth point of error appellant alleges that the trial court erred in denying his motion for new trial. Where a party seeks to set aside a default judgment by a timely motion for new trial, he must show that his failure to answer was not intentional or due to conscious indifference, but rather the result of an accident or mistake. *See Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). Furthermore, he must allege and prove that he has a meritorious defense, and that the granting of a new trial will not cause delay or otherwise injure the plaintiff. *See id.* Appellant argues that his motion to transfer venue should be held to be an answer and, therefore, the default was improper. With this argument we cannot agree. An answer to a lawsuit must be "a statement in plain and concise language of the ... defendant's grounds of defense." *See TEX.R.CIV.P. 45.* Appellant's motion to transfer venue did not state any ground of defense he may have had; therefore, it was not an answer.

In his motion for new trial, appellant alleged as follows:

"The defendant's failure to file an answer before judgment was a result of accident and mistake, rather than his intentional or conscious indifference because the undersigned attorney filed a Motion to Transfer Venue in the above-styled and numbered cause on the 20th day of March, 1985 since it was and is still our contention that this cause should have been filed in Harris County. That although the Motion to Transfer Venue was timely filed, through an oversight no hearing date was requested nor was one given by the Court. That the undersigned attorney was waiting to obtain a hearing date from the Court on the Motion to Transfer Venue...."

This motion was sworn to by appellant's counsel and was properly before the court. *See Strackbein v. Prewitt,* 671 S.W.2d 37 (Tex.1984).

While the dissent would hold that this uncontroverted evidence is sufficient to negate consciously indifferent conduct, we respectfully disagree. The sworn allegations in the motion for new trial shows why appellant's counsel did not proceed on his motion to transfer venue, but it does not show that appellant's failure to file an answer was caused by some accident or mistake.

At the hearing on the motion for new trial, Mr. Fry, an employee of appellant, testified that when he received the plaintiff's petition in March of 1985, he went to the office of appellant's counsel and "engaged [him] to get a change of venue from Montgomery County to Harris County." Mr. Fry also testified that he and appellant's counsel reached a decision to file a motion to transfer venue. There was no evidence that any mistake or accident occurred which caused the appellant's counsel to fail to file an answer to Noble's petition.

Unless *TEX.R.CIV.P. 45* is enlarged by the courts or legislature, a motion for a change of venue is not an answer. And, appellant's depending on it to prevent a default judgment for almost seven months, was incorrect. If appellant truly desired the trial court to act on the motion, it was appellant's duty and burden to establish that grounds existed requiring such action. *3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 10.21.2, at 40 (rev.1983).* It is clear that appellant's attorney was retained to obtain a change of venue, if possible. Should this court hold otherwise, it would severely hamper a trial court's effort to move its docket, and would allow a party to file a motion on which he has the burden to move to hold off judgment for a long period of time. Which is what actually happened here. The motion does not comply with *TEX.R.CIV.P. 86,* and appellant failed to comply with *TEX.R.CIV.P. 87.* Appellant's fourth point of error is overruled, and the judgment of the trial court is affirmed.

Affirmed.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority holds there was insufficient evidence at the hearing on the motion for new trial to establish that the failure to answer was the result of anything other than a conscious decision. The trial judge, however, had before him the motion for new trial itself. The motion had been verified by appellant's counsel. Therefore, the motion was properly before the court on the question of intentional disregard or conscious indifference. *See Strackbein v. Prewitt,* 671 S.W.2d 37 (Tex.1984). This verified motion contained facts which were not controverted and which, in this writer's opinion, negated consciously indifferent conduct. Furthermore, although not addressed in the majority opinion, appellant established a meritorious defense and there was no showing that the granting of the new trial would occasion a delay or work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (Tex. 1934). Therefore, the trial court erred in refusing to grant a new trial. For the reasons stated, I would reverse and remand.