Larry GLOVER, Appellant,

v.

John MOSER and Joann
Moser, Appellees.

No. 09–95–197 CV.

Court of Appeals of Texas,
Beaumont.

Argued Sept. 5, 1996.

Decided Oct. 3, 1996.

Appellant's Motion for Rehearing
Overruled Oct. 17, 1996.

Appellee's Motion for Rehearing
Overruled Oct. 24, 1996.

J. Shelby Sharpe, Sharpe & Spurlock, Fort Worth, Lawrence Louis Germer, Germer & Gertz, Beaumont, for appellant.

Ronald Plessala, Walter Umphrey, Paul F. Ferguson, Jr., Provost & Umphrey, Beaumont, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

The lawsuit underlying this appeal was filed by John Moser, individually and as Administrator of the Estate of Jan Moser, Deceased, and wife Joann Moser, appellees, in the 172nd District Court of Jefferson County, Texas, against Larry Glover, appellant and the Living Faith Assembly Church. Appellant Glover is the pastor of Living Faith Assembly Church. Living Faith Assembly Church is located in Bryan, Brazos County, Texas, where appellant Glover also resides. The lawsuit judicially admits that Glover and the church reside in Bryan, Brazos County, Texas.

The underlying thrust of the Mosers' lawsuit is premised upon allegations that Glover's pastoral influence, conduct and teachings over a period of approximately four years, ultimately destroyed their daughter's feelings of self-worth, creating feelings of extreme guilt, thus resulting in severe depression, mental anguish, and ultimately a nervous breakdown, which finally, on December 18, 1991, caused their daughter Jan Moser to commit suicide.

We find no need to pursue the factual details of this lawsuit in that our address shall deal strictly with the procedural aspects of the trial court's rulings.

After being sued in this matter, Glover and the church timely filed a Motion to Transfer Venue from Jefferson County to Brazos County. The transmittal letter to the clerk of the court accompanying the motion, provided in part:

MOVANTS HEREBY REQUEST THE COURT TO SET A HEARING ON THIS MOTION WITH PLAINTIFFS RECEIV-

ING AT LEAST 45–DAYS NOTICE OF THE HEARING IN ACCORDANCE WITH RULE 87, TEXAS RULES OF CIVIL PROCEDURE.

Following this notice, the Mosers filed their First Amended Petition and later a Second Amended Petition. The certificate of service on each of these petitions acknowledges and admits Glover's presence before the court. During the following eight weeks, the Mosers continued to acknowledge the presence of Glover before the court in the certificate of service in numerous discovery documents.

On June 12, 1992, Glover's counsel sent a letter to the court requesting a hearing on the motion to transfer venue. The court set the hearing for August 27, 1992. The court notified Glover's counsel of this setting by telephone, and Glover's counsel then sent a letter, dated June 15, 1992, to the Mosers' counsel notifying them that the hearing on the motion to transfer venue was set for August 27, 1992. We note that to this point appellant, defendant below, had not yet filed an answer to the Mosers' lawsuit.[1]

On June 22, 1992, unknown to Glover, the Mosers filed a Motion for Default Judgment with a certificate of service stating that a copy of the motion was being mailed that day to Glover's counsel. Also, at the same time the motion for default was filed, a motion for non-suit of the church was also filed with an identical certificate of service. On June 22, 1992, the same day the default motion was filed, the trial court signed an interlocutory default judgment against Glover without any prior notice to him. It is clear that at the time the court signed the judgment, the date for hearing the motion to transfer venue, August 27, 1992, had not yet arrived. In effect, the trial court, having set a hearing on venue, entered a default judgment against appellant, without notice.

In his effort to undo what appellant describes as "blatant error," appellant filed a Motion to Set Aside the Interlocutory Default Judgment pointing out the timely filing of the motion to transfer venue, the diligence which had been used in obtaining a hearing, that the hearing date had not arrived, that the motion had not been waived, and that it was legally impermissible for the court to take any action on the merits of the case prior to hearing Glover's motion. The trial court denied Glover's Motion to Set Aside the Judgment and on the following day the Mosers filed a Motion to Quash the Venue Hearing of August 27, 1992. Inexplicably, this motion to quash venue hearing was granted by the court on the same day the motion was filed, July 24, 1992.

Next, Glover filed an Original Answer subject to his motion to transfer venue and a second motion to set aside the interlocutory default judgment. This motion not only reurged the timely filing of the motion to transfer, but also called to the court's attention that Glover had not received 3 days notice of the hearing on motion for default as required by Rule 21, Texas Rules of Civil Procedure. This motion also alleged that the failure to answer was not the result of conscious indifference, but due to Glover's counsel having a different understanding of the rules on when an answer is due; that the defendant had a meritorious defense; that the granting of the motion would not delay or injure the Mosers; that failure to grant the motion would violate his constitutional rights protected by both the Federal and State Constitutions; and that the Mosers' petition upon which the default had been granted alleged only conduct protected by both the Federal and State Constitutions. The Mosers filed a Motion to Quash this second motion to set aside interlocutory default judgment. Following a hearing, the court granted the Mosers' Motion to Quash.

The trial court denied appellant the opportunity to make a record at the hearing on his

---

1. Certainly an answer is required to join issues, otherwise *default becomes a viable potential.* Safe practice seems to dictate the timely filing of an answer subject to a properly and timely filed motion to transfer venue. However, as in this case, the paramount question before the trial *court was whether venue was proper in Jefferson* County, Texas. The trial court never determined this paramount issue.

second motion to set aside interlocutory default judgment. Glover filed a third motion which was accompanied by affidavits to make a complete record regardless of what might have happened at the hearing. The motion and affidavit of Glover's counsel established (1) the timely filing of the motion to transfer venue which was not waived, (2) the obtaining of a hearing date, (3) the failure to give 3 days notice to Glover of the hearing on the Mosers' motion for default, (4) that the second motion to set aside default judgment raised new matters which were not in the first motion, (5) that Glover's counsel relied upon his understanding that the Texas Rules of Civil Procedure and case law establish that until a motion to transfer is acted upon, no other document is required to be filed, (6) that Glover has a meritorious defense that Glover's conduct did not cause the suicide, (7) that the granting of the motion would not injure the Mosers, (8) that Glover was willing to pay reasonable and necessary costs in the event that the court found that it was equitable to pay the Mosers' attorney for time and costs for obtaining the default judgment and (9) that failure to set aside the interlocutory judgment would violate constitutionally protected rights of Glover. Following the denial of this third motion, Glover sought mandamus relief, leave to file being denied without written opinion.[2]

Appellant brings ten points of error which attack and address virtually every aspect of the proceeding below, such as but not limited to the failure of the Mosers to state a cause of action recognized by Texas Courts or Courts of the United States of America; and that at default, appellees presented no evidence that appellant's conduct was the cause of the death of their daughter. We shall forego an address to all but one of appellant's points of error, i.e., point of error one which contends that the trial court erred, as a matter of law, in failing to give appellant a hearing on his motion to transfer venue as

required by Rule 87, Texas Rules of Civil Procedure.

## VENUE MOTION REQUIREMENTS

A review of procedural rules governing transfer of venue motions is necessary. Rule 86, Texas Rules of Civil Procedure, details basic requirements of a motion to transfer venue. Particularly probative to our present consideration are those sections dealing with "Time to File" and "How to File." Rule 86(1) provides in part:

1. Time to File. An objection to improper venue is waived if not made by *written motion filed prior to* or concurrently with *any other plea, pleading or motion...* (emphasis ours)

2. How to File. The motion objecting to improper venue *may be contained in a separate instrument filed* concurrently with or *prior to the filing of the movant's first responsive pleading* or the motion may be combined with other objections and defenses and included in movant's first responsive pleading. (emphasis ours)

Further amplification regarding the effect of filing a venue motion is found in 2 McDONALD TEXAS CIVIL PRACTICE § 7:16 (1992), it states:

The original and supplemental petitions and answers must each be contained in one written instrument. The filing of a special appearance or a motion to transfer venue separately may be reconciled with this rule: if the defendant files such a plea or motion, *it must be decided before any other answer is required...* (emphasis ours)

Although Rule 85, Texas Rules of Civil Procedure, provides that an original answer may consist of motions to transfer venue, we believe it clear that neither the rules nor case law require the filing of an answer prior to the trial court's determination and ruling on the motion to transfer

---

2. By footnote in his brief, appellant presumes denial of mandamus for reason that appellant

had an adequate appellate remedy.

**944** ■ 

venue.[3]

Rule 87, Texas Rules of Civil Procedure provides:

1. Consideration of motion. The determination of a motion to transfer venue *shall* be made promptly by the court and such determination *must* be made in a reasonable time prior to the commencement of the trial on the merits. The movant has the duty to request a setting on the motion to transfer. Except on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer . . . . (emphasis ours)

■ The rules provide no mandatory language requiring an answer be filed either concurrent with the filing of a motion to transfer venue or subsequent to such filing. It is clear that the rules permit concurrent filing of an answer, safe practice suggests that such concurrently filed answer be made clearly subject to the trial court's ruling on the motion to transfer.

Though a trial court is given broad discretion in determining the order in which proceedings may follow, Rule 84, Texas Rules of Civil Procedure limits such discretion in matters of special appearance and motions to transfer. Rule 84 provides:

The defendant in his answer may plead as many several matters, whether of law or fact, as he may think necessary for his defense, and which may be pertinent to the cause, and such matters shall be heard in such order as may be directed by the court, *special appearance and motion to transfer venue, and the practice thereunder being excepted herefrom.* (emphasis ours)

■ We believe the clear intent of Rule 84 was to prevent exactly what occurred in our present case, i.e., the trial court proceeding

on meritorious matters prior to its determination of whether venue is properly before it. It is clear from the record that appellant properly followed all necessary requirements in perfecting his claim of improper venue.

Appellees position that appellant's failure to file an answer subject to the motion to transfer venue authorized the default judgment based upon *Duplantis v. Noble Toyota, Inc.,* 720 S.W.2d 863 (Tex.App.—Beaumont 1986, no writ). In *Duplantis,* Chief Justice Martin Dies succinctly and properly wrote that a motion to transfer venue does not constitute an answer and a default is proper. This Court continues to support and uphold that decision. We find however, a glaring distinction between *Duplantis* and our present appeal. Though Duplantis filed a timely motion to transfer venue, he never attempted to set a hearing on that motion. Further, when Duplantis filed his motion for new trial, he made no complaint that the trial court erred in overruling his motion to transfer venue. In *Duplantis,* a majority of the Beaumont Court determined that *Duplantis* "acquiesced" in the ruling. Chief Justice Dies determined it to be the movant's responsibility to obtain a hearing so as not to hamper the trial court's efforts to move its docket. In short, we view *Duplantis* as authority concerning the failure to comply with Rule 87, Texas Rules of Civil Procedure. We note that in *Duplantis,* Justice Burgess filed his dissenting opinion which basically states that under a *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939), analysis, Duplantis as a matter of law had established his right to a new trial.[4]

■ Once a motion to transfer venue is properly filed and a hearing is properly obtained by the movant, as in our present case, the trial court was required to hear and determine such motion prior to hearing the default judgment. We hold that the trial

---

3. TEX. CIV. PRAC. & REM.CODE ANN. § 15.063 (Vernon 1986) provides in part:
 The court, on motion filed and served concurrently *with or before the filing of the answer,* shall transfer an action to another county of proper venue if: . . . (emphasis added)

4. Although we believe that a *Craddock* analysis of our present case would require a reversal and remand, we choose to pursue Rule analysis.

court clearly violated appropriate rules of procedure in granting a default judgment, without notice to appellant, approximately two months prior to the time set by the court for hearing on appellant's motion to transfer. We reverse the default judgment entered by the trial court and remand this cause to the trial court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.