John S. TUSCHMAN and Fidelity Housing Company, Appellants,

v.

Clyde R. SOMERS, d/b/a Somers Construction Company, Appellee.

No. 1836.

Court of Civil Appeals of Texas, Corpus Christi.

July 9, 1981.

Mike McNamara, Harlingen, David S. Komiss, Axelrod, Smith, Komiss & Kirshbaum, Houston, for appellants.

John Van Kleef, Harlingen, for appellee.

## OPINION

BISSETT, Justice.

This is a venue case. John S. Tuschman and Fidelity Housing Company, defendants in the trial court, have duly and timely appealed from an order of the district court of Cameron County, Texas, sitting without a jury, which overruled their pleas of privilege to be sued in Harris County, Texas, where they resided. Clyde R. Somers,

d/b/a Somers Construction, plaintiff in the trial court, controverted the pleas of privilege and asserted that venue was properly maintainable in Cameron County, Texas, under the provisions of Tex.Rev.Civ.Stat. Ann. art. 1995, Subdivision 7.[1] The parties will be referred either by name or as "plaintiff" and "defendants" as they were in the trial court.

Plaintiff, in his suit against the defendants, alleged that Tuschman had represented to him that Fidelity was financially sound and responsible for any indebtedness incurred by said company with respect to construction work to be performed by plaintiff. It was further alleged that such representations were false and were relied upon by plaintiff to his detriment.

■ In order to maintain venue in Cameron County based upon the expressed exception contained in Subdivision 7, plaintiff must not only plead but also prove by a preponderance of the evidence every constituent element of a cause of action for fraud. *Snyders Smart Shop, Inc. v. Santi, Inc.*, 590 S.W.2d 167 (Tex.Civ.App.—Corpus Christi 1979, no writ). To constitute actionable fraud, it must appear: 1) that a material representation was made; 2) that it was false; 3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; 4) that he made it with the intention that it should be acted upon by the other party; 5) that the party acted in reliance upon it; and 6) that he thereby suffered injury. *Custom Leasing, Inc. v. Texas Bank & Trust Company of Dallas*, 516 S.W.2d 138, 143 (Tex.1974).

The pertinent facts show that the defendant Tuschman, at all times pertinent to this appeal, was president of Fidelity Building Company, Inc., which was the predecessor of defendant Fidelity Housing Company, Inc. Fidelity Building Company, Inc., was organized to build the Riverview Apartments in Cameron County, Texas, and was the prime contractor for the apartment

1. "7. In all cases of fraud ... suit may be brought in the county where the fraud was committed or ... where the defendant has his domicile."

complex. Somers was a sub-contractor for some paving and equipment rental work done at the Apartments. Clyde Somers met with defendant Tuschman at the Apartments in August, 1973, to discuss the work to be done. At this meeting, Tuschman promised to pay Somers once a month at the Riverview office for the services rendered by Somers Construction Company. The record discloses no payments made to Somers Construction Company. As soon as the Apartments were completed, Fidelity Building Company went out of business and left Tuschman as the trustee. Somers made repeated requests to collect the debt owed, and Tuschman promised that the money would be promptly paid by the new company, Fidelity Housing Company, Inc. All these promises by Tuschman were made at the office of the Riverview Apartments in Cameron County.

Upon not receiving payment as promised, Somers filed a prior lawsuit against Fidelity Building Company, Inc., in the same court as the present suit. Judgment was rendered in that suit against Fidelity Building Company, Inc., in the amount of $11,399.21, plus interest for the amount of work done by Somers Construction Company on the Apartments. By the time that judgment was rendered, Fidelity Building Company, Inc., had gone out of business and become a shell. Somers is therefore unable to collect his prior judgment.

It is from these facts that Somers filed suit against both Tuschman and Fidelity Housing Company, Inc., on the grounds of fraud. Both parties agree as to most of the elements of fraud having been shown by a preponderance of the evidence. Defendants take issue, however, with whether Tuschman, at the time he made the promise to pay, knew the statement was false or made it recklessly without any knowledge of its truth. This element of fraud, intent to deceive, has been liberally construed by the courts of this state to be present when affirmative representations are proved to be false. The rule presented in *Custom Leasing, Inc. v. Texas Bank & Trust Company of Dallas, supra,* at 144 is:

" . . . [W]here affirmative representations of fact are made and designed to be acted upon by another and he does so believing them to be true when they are false, one making the representations is liable, regardless of his knowledge of falsity or intent to deceive."

Tuschman made the promise to pay Somers with full knowledge that Fidelity Building Company, Inc., would cease to do business after the Riverview Apartments were completed. This fact, along with the fact that Somers was never paid, is enough evidence to show a fraudulent purpose on the part of Tuschman.

In addition to showing every constituent element of a cause of action for fraud, plaintiff must plead and prove that the fraud occurred in the county of suit. *Instant Credit Service, Inc. v. McClanahan,* 497 S.W.2d 954, 956 (Tex.Civ.App.—Austin 1973, Writ dism'd). The evidence was clear that all the representations occurred in the offices of the Riverview Apartments in Cameron County. Plaintiff has met his burden of proof.

The judgment of the trial court overruling the pleas of privilege of defendants is AFFIRMED.