# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00224-CV

**Malcolm J. Fox and Rebecca K. Fox, Appellants**

**v.**

**City of Austin, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-06-001813, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Malcolm and Rebecca Fox appeal *pro se* the trial court's order severing their cause of action against the City. By their appeal, the Foxes contend that the trial court improperly severed the action. We conclude that the order of severance is not a final judgment and, therefore, cannot be separately appealed. Accordingly, we dismiss the Foxes' appeal for want of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to its authority to enforce certain city code and state law provisions related to public health and sanitation, the City's solid waste services personnel undertook to have solid waste materials on the Foxes' property collected, removed, and disposed of. Specifically, in September 2003, the City and its co-defendant in the original action, Easter Seals Central Texas, Inc., removed a number of items the City considered to be waste from the Foxes' yard and disposed of them in a landfill. These items included buckets of aggregate, styrofoam insulation, vinyl siding,

sheet metal, a wire trellis, an automobile hood, rolls and panels of welded wire and chain-link fencing, metal roofing, a table, a stainless steel table top, trash cans, buckets, wash tubs, concrete blocks, wooden pallets, plastic piping, and a wheelbarrow. The Foxes contacted City employees and Easter Seals to obtain information about the removal of these items.

In September 2005, the Foxes filed suit against the City and Easter Seals, alleging generally that they were negligent and that the defendants' negligence was the proximate cause of the Foxes' hardship, loss of valuable property and income, and costly delays in construction, repairs, and agricultural activities. The Foxes alleged that the defendants had waived their sovereign immunity under the Texas Tort Claims Act, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2005 & Supp. 2006), and that the defendants "were acting within the course and scope of their employment or official duties and in furtherance of their duties of employment."

The City filed an original answer and a plea to the jurisdiction. Easter Seals filed an original answer. In its response, the City raised the affirmative defense of governmental immunity and included a plea to the jurisdiction based on immunity from suit. After a hearing, the trial court granted the City's plea to the jurisdiction and, on the City's further motion, entered an order of severance. All causes of action by the Foxes against the City were then assigned to the severed action, and the order on the plea to the jurisdiction was made final. The Foxes appeal the trial court's order of severance.[1]

---

[1] We note that the Foxes separately appealed the trial court's order granting the City's plea to the jurisdiction. *See Fox v. City of Austin*, No. 03-06-00172-CV (Tex. App.—Austin Dec. 1, 2006, no pet. h.).

2

## ANALYSIS

The Foxes appeal the trial court's order severing the cause of action against the City from its co-defendant Easter Seals. An order granting a motion for severance is not appealable. *E.g.*, *Barrows v. Ezer*, 624 S.W.2d 613, 616 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ); *Finder v. E. L. Cheeney Co.*, 368 S.W.2d 62, 64 (Tex. Civ. App.—Beaumont 1963, no writ). Severance splits a single suit into two or more independent actions, each of which may result in an appealable final judgment. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex. 1985). Because the trial court's order of severance is not a final judgment, we lack jurisdiction to consider the Foxes appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2006); *Thomas v. Long*, 2006 Tex. LEXIS 280, at *8 (Tex. Apr. 21, 2006).

## CONCLUSION

Having determined that we lack jurisdiction to consider the Foxes' appeal from the trial court's interlocutory order of severance, we dismiss the appeal for want of jurisdiction.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed:   December 1, 2006

3