### CARHART MOTOR CO. v. HENRY.

### No. 2640.

Court of Civil Appeals of Texas. El Paso.

Oct. 6, 1932.

Rehearing Denied Oct. 27, 1932.

Dorenfield, Foster & Fullingim, of Amarillo, for appellant.

H. G. Russell, of Pecos, for appellee.

HIGGINS, J.

Henry filed this suit against Carhart Motor Company, General Motors Acceptance Corporation, and J. B. West, to recover damages for the conversion of an automobile. The suit was dismissed as to the General Motors Acceptance Corporation.

Appellant filed plea of privilege to be sued in the county of its residence. The plaintiff filed controverting affidavit, in reply to which appellant filed an answer justifying, upon various grounds, its action in taking possession of the car. The plea was overruled.

The car in question was bought by appellee from appellant, and to secure payment of purchase-money notes appellee executed a mortgage upon the car. Later the car was removed by appellee to Ward county, where it was repossessed by appellant without the knowledge or consent of appellee.

By its first three propositions appellant undertakes to justify the repossession under certain provisions in the mortgage authorizing such action upon certain contingencies.

The car was repossessed by appellant on November 22, 1927. Appellant in its answer to the controverting affidavit affirmatively alleged it sold and assigned the purchase-money notes and chattel mortgage to the General Motors Acceptance Corporation. Other allegations in the answer show appellant did not reacquire the same until subsequent to the date the evidence shows it had repossessed the car.

■ Not being the owner of the notes and mortgage at the time it took possession of the car, it follows appellant cannot justify its action in so doing under the terms of the mortgage. The right to repossess was vested in the General Motors Acceptance Corporation and not in appellant. The wrongful act of appellant in taking such possession constituted a trespass within the purview of subdivision 9, of article 1995, R. S. and sustains the venue as laid in Ward county. Texas Auto Co. v. Clark (Tex. Civ. App.) 12 S. W. (2d) 655.

The seventh proposition is to the effect that since there is no evidence that the value of the car in Ward county at the time it was taken was in excess of $700, the amount of the unpaid purchase money, therefore no conversion constituting a trespass is shown within the meaning of subdivision 9, of article 1995.

■■ The court below was justified in assuming the car had some value. The fact that it was repossessed by appellant is evidence thereof. If appellant has reacquired the notes and lien the amount thereof may perhaps be set off against the damages claimed by appellee but that is simply defensive matter. In order to maintain the venue in Ward county it was only necessary for the plaintiff to establish prima facie a cause of action. It was not necessary for him to anticipate possible defenses and offer evidence to rebut the same.

Other propositions relate to matters which are irrelevant in view of the ruling that the

venue was properly laid in Ward county for the reason stated above. These remaining questions therefore call for **no** consideration or discussion.

Affirmed.