### SCOTT et al. v. ROBERTSON et al.
### No. 2125.

Court of Civil Appeals of Texas. Eastland.
April 18, 1941.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, for appellants.

L. H. Welch, of Breckenridge, for appellees.

LESLIE, Chief Justice.

This is an appeal from the order of the trial court overruling defendants' pleas of privilege. S. P. and T. P. Robertson instituted the main suit (February 27, 1940) for damages for trespasses alleged to have been committed by Winfield Scott and others on a tract of land situated in Stephens County. The other parties were alleged to be the "servants, agents and employees" of Scott and acting within the scope of their employment and under his immediate directions.

Scott and Russell filed separate pleas of privilege to be sued in Tarrant County, and plaintiffs' controverting affidavit sought to maintain venue as against each of them in Stephens County under exceptions 4, 9, 12, 14 and 29a, to Art. 1995, R.S., Vernon's Ann.Civ.St. art. 1995, subds. 4, 9, 12, 14, 29a. Defendant Poney Starr and said Russell were alleged to be residents of Stephens County.

Venue under exception 9 dealing with crime or trespass will be first considered.

The facts and circumstances constituting the alleged trespasses are in substance as follows: The 702.65 acres of land involved were originally a part of the Elizabeth Scott Estate. The executors of such estate leased the same for grazing purposes to the Robertsons. The lease contract was in writing dated April 1, 1939, and expired March 31, 1940. A small portion of acreage lay in Young and Throckmorton Counties but the major portion of the tract is situated in Stephens County where the trespasses are alleged to have been committed. The Robertsons have been leasing and using this and other Scott lands in Stephens County for many years and when this lease transaction was concluded they were in open and exclusive possession and use of said premises, making such use of them as the lease contemplated when the defendant Winfield Scott in person and through his said agents (other defendants) went upon the land about January 5, 1940, and without the knowledge or consent of the Robertsons began to appropriate the premises (in Stephens County) to the use of said Scott in different ways.

By allegation and proof it appears that said Winfield Scott acquired on January 2, 1940, the title to said property by deed of that date from the executors of the estate of said Elizabeth Scott. This deed was filed for record January 5, 1940. Obviously, the defendants' lease had not expired at the date of such deed by something like three months. It is alleged in the plaintiffs' petition and controverting affidavit that Scott and others had at all times actual knowledge of Robertsons' rights under the lease contract, as well as the fact that they were in open and exclusive possession of the premises at the time he purchased them from the executors, as well as the other and different dates upon which the defendants are alleged to have entered upon said premises and committed numerous trespasses specifically set forth in the pleadings and controverting affidavit, and for which damages are sought to be recovered in the main suit.

The plaintiffs' petition and controverting affidavit are lengthy and it will be unnecessary to set forth in detail the numerous trespasses alleged. Suffice it to say that the Robertsons alleged that they were grazing upon said land about 135 head of grown cattle and 30 or 40 head of calves at the time (January 5, 1940) the defendant Scott and his agents, without their knowledge or consent, forcibly entered upon said premises in Stephens County and appropriated the same to their own use. They alleged that the defendants in entering the enclosure cut the wire fences around it, tore the wires loose from the posts, tore open the gates and went upon said land with horses and trucks and moved lumber and building material upon the premises. That they proceeded to construct a three-room residence, a large barn, drill a water well, and since January 5, 1940, have caused trucks to be driven over the premises, hauling rocks and building material and otherwise damaging the grass and turf on the lands held under said lease. That all such acts have been done "at the special instance and request and under the directions of the defendant Winfield Scott."

Plaintiffs further allege that the defendants by taking possession of such premises

29⁹

have forced them to remove their cattle from the same at large expense and have deprived them of benefits of the pasture; that the cattle have been damaged by such removal. That they have been frightened and made wild and unmanageable by the presence and conduct of the defendants and have lost weight by reason thereof to the damage of plaintiffs in the sum of $5 per head, aggregating $650. That plaintiffs have been forced to remove said cattle from the premises in order to protect them and that it became necessary to employ additional labor for which they have been compelled to pay considerable sums, itemizing them. That they have been put to the necessity and expense of rounding up said cattle due to their escape from the pasture after the defendants had left open the gates and destroyed the fences enclosing them. That they have been unable to locate and recover 25 calves of the value of $30 each that strayed from the premises by reason of the destruction of the fences, etc., and were unable to recover 12 cows of the value of $70 each.

Other elements of damage in the nature of those stated were alleged and in their pleadings the plaintiffs summarize their damages as follows: "* * * that by reason of the defendants' illegal and wrongful entry on said premises they have been deprived of the use and enjoyment of said premises for a period of three months and have been deprived of the profits and benefits to their cattle which they would have received by the use of said premises, and to their damage in the further sum of $750, and for advance rents paid by plaintiffs on said premises in the amount of $70, and all to their total damage in the sum of $4,-000." Such aggregate sum is made up of many elements specifically alleged.

The plaintiffs further allege that the acts and conduct of defendants were inspired by wrongful and malicious conduct upon the part of defendants and they pray for exemplary damages in the sum of $5,000, as well as attorney's fees of $500, making in all $9,000 in damages sought by the suit.

■ It has often been held that to bring a case within exception 9 of the venue statute it is only necessary to plead and prove that the trespass upon which the suit is based was committed in the county where the suit is brought. Stated somewhat differently, the proof of the fact of the commission of a trespass is as essential as the proof of the place where it was committed. Lee v. Caldwell, Tex.Civ.App., 125 S.W.2d 619; Lone Star Finance Corp. v. Davis, Tex.Civ.App., 77 S.W.2d 711; Jarvis-Tull & Co. v. Williams, Tex.Civ. App., 114 S.W.2d 1218; Waco Cotton Oil Mill v. Walker, Tex.Civ.App., 103 S.W.2d 1071 (on proof of essential elements of trespass, etc.); De Shong Motor Freight Lines, Inc. v. North Texas Coach Co., Tex. Civ.App., 108 S.W.2d 766 (venue under one exception sufficient, etc.); Renken v. J. M. Radford Grocery Co., Tex.Civ.App., 137 S. W.2d 101; Douglas v. Williams, Tex.Civ. App., 83 S.W.2d 686; Barnes v. Moro, Tex. Civ.App., 76 S.W.2d 831 (dealing with acts of employer and employee or agent in scope of authority, etc.); Claer v. Oliver, Tex. Civ.App., 62 S.W.2d 354; Harrison v. Amador, Tex.Civ.App., 9 S.W.2d 279 (discusses relation of principal and agent); Carhart Motor Co. v. Henry, Tex.Civ.App., 53 S.W.2d 677; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675.

■ In the light of the authorities and numerous others to the same effect, we are of the opinion that in matters of pleading and proof the plaintiffs presented a case based upon trespass committed by defendants, jointly and severally, in Stephens County within the terms of exception 9, and that the suit is properly maintainable against each of the defendants in that county, as held by the trial court.

The acts alleged undoubtedly constituted trespass under the statute and authorities cited, and the least that can be said of the testimony is that it raised issues of fact concerning the venue facts and the trial court has determined such issues in favor of the plaintiffs. The judgment is well supported by the testimony and this court would not be warranted in disturbing the same.

■ It becomes unnecessary to consider the merits of appellees' further contentions that venue is maintainable under other exceptions. De Shong Motor Freight Lines, Inc. v. North Texas Coach Co., supra, and Lakeside Irr. Co. v. Markham Irr. Co., 116 Tex. 65, 285 S.W. 593.

For the reasons assigned, the judgment of the trial court is affirmed.