Ben **WAGNER**, Appellant,

v.

The **KROGER CO.**, et al., Appellee.

No. **B14–82–846CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1983.

Rehearing Denied Dec. 22, 1983.

Bob J. Spann, Corpus Christi, for appellant.

B. Thomas Cook, Bracewell & Patterson, Joe W. Redden, Jr. and Fulbright & Jaworski, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the trial court's order overruling appellant's plea of privilege. We affirm.

Appellee, Kroger, sued appellee, Valcon, for damages sustained in the collapse of a roof on a Kroger's warehouse addition being built by Valcon. Valcon filed a third party indemnity and contribution action against Ben Wagner and other sub-contractors. Kroger then amended its Original Petition to make these subcontractors parties to the action. Ben Wagner filed Pleas of Privilege to both Kroger's suit and Valcon's third party complaint. Kroger and Valcon controverted Wagner's pleas. The trial court overruled appellant's Pleas of Privilege and he appealed. Kroger then dismissed its claims against all defendants except Ben Wagner.

In appellant's first point of error, he contends that the trial court erred in overruling his Plea of Privilege to the Third-party Complaint filed by Valcon. However, this Controverting Plea is not in the record. Appellant has the burden to see that a record which preserves the alleged error is presented to this court. *Irrigation Construction Co. v. Motheral Contractors, Inc.,* 599 S.W.2d 336 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Coleman v. Pacific Employers Insurance Co.,* 484 S.W.2d 449 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r. e.); TEX.R.CIV.P. 413. Without the pertinent portion of the record, this Court may not consider the point of error. Appellant's first point of error is overruled.

In his second point of error, appellant contends the trial court erred in overruling the Plea of Privilege to the suit by Kroger against Wagner.

The dominant purpose of the general venue statute is to give a person who has been sued the right to defend the suit in the county of his residence except under the well defined exceptions. TEX.REV.CIV. STAT.ANN. art. 1995 (Vernon Supp.1983). *A.H. Belo Corporation v. Blanton,* 133 Tex. 391, 129 S.W.2d 619 (1939). Before a defendant can be deprived of this right, the plaintiff must plead and prove that he comes within one or more of the exceptions to the venue statute. Kroger asserts three exceptions to allow the matter to be tried in Harris County. TEX.REV.CIV.STAT. ANN. art. 1995 § 4, § 14, § 9a. However, since Kroger no longer has a claim against Valcon, Kroger's venue exception under art.

1995 § 4 is moot and only the alleged exceptions under art. 1995 § 14 and 1995 § 9a will be considered.

▮ Article 1995 § 14 provides that suits for the recovery of lands, or damages thereto, must be brought in the county in which the land or a part thereof may lie irrespective of the residence of the defendants. *Altgelt v. Texas Co.,* 101 S.W.2d 1104 (Tex. Civ.App.—Austin 1937, writ dism'd). If a necessary party files a plea of privilege, the plaintiff must file a proper and timely controverting plea for trial in a county where the land is situated, and the entire cause of action must remain there. *Fagadau v. Sand Springs Home,* 337 S.W.2d 744 (Tex. Civ.App.—Amarillo 1960, writ dism'd); *Moran Corporation v. Steven J. Stock Farm, Inc.,* 591 S.W.2d 316 (Tex.Civ.App. Waco 1979, no writ). Wagner filed his plea of privilege. Kroger timely and properly filed its controverting plea.

▮ To sustain an art. 1995 § 14 exception, Kroger had to prove by a preponderance of the evidence at the venue hearing that the claim involves one of recovery of damages to land and the land is located in the county where suit is filed. The record reveals that Kroger proved that it owned both the warehouse and the land on which it was located in Harris County. There was proof of damage to the building due to a collapsed roof. Damages to buildings on land are considered as damages to the land. *Ward & McCullough v. Mobley,* 250 S.W.2d 948 (Tex.Civ.App.—Fort Worth 1952, no writ). Kroger has properly proven an exception under TEX.REV.CIV.STAT. ANN. art. 1995 § 14 (Vernon Supp.1983). Where venue is shown under one exception to the venue statute, it is unnecessary for this court to consider whether venue is maintainable under any other exception. *Scott v. Robertson,* 151 S.W.2d 297 (Tex. Civ.App.—Eastland 1941, no writ). We overrule appellant's second point of error.

Judgment of the trial court is affirmed.