

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00115-CV

IN RE THE GOOD SHEPHERD HOSPITAL, INC.

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Carter,* JJ.
Opinion by Justice Carter

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

OPINION

Rule 87 of the Texas Rules of Civil Procedure requires that the trial court determine a venue issue "in a reasonable time prior to commencement of the trial on the merits." TEX. R. CIV. P. 87(1). Does the trial court clearly abuse its discretion by setting a hearing on a motion for partial summary judgment immediately following a hearing and ruling on a motion to transfer venue? For the reasons below, we conclude that the trial court abused its discretion. We conditionally grant mandamus relief.

## I.       Background

On November 13, 2002, Good Shepherd Hospital, Inc. (Good Shepherd), and Select Specialty Hospital-Longview, Inc. (Select), entered into a lease agreement wherein Good Shepherd agreed to lease to Select approximately 20,000 square feet of hospital space for the operation of a long-term acute care hospital.[1]  In addition, the parties entered into ancillary and support services agreements.  On June 25, 2018, Select filed an original petition, application for temporary restraining order, and request for temporary and permanent injunctions maintaining that Good Shepherd had breached the lease and ancillary agreements with Select by failing to provide the agreed-upon services.[2]  On the same day, the trial court issued an ex parte temporary restraining

[1]The hospital is located in Longview, Texas, which is situated in Gregg County.

[2]In its original petition, Select asked the trial court to, among other things, restrain Good Shepherd from (1) refusing to provide Select and its patients services that Good Shepherd had been providing pursuant to the parties' agreement, (2) terminating the parties' lease agreement, (3) interfering with Select's rights to quiet possession of the leased premises and the common area of the hospital, (4) materially changing the referral process and inhibiting the proper referral of patients to Select, and (5) restricting Select's access to patient information for the patients referred to Select. In addition to the injunctive relief, Select also sought a declaratory judgment and monetary damages for breach of contract.  Specifically, Select maintained that Good Shepherd had entered into a valid and enforceable lease and ancillary agreements and that it had materially breached those agreements.

order, which prevented Good Shepherd from, among other things, "refusing to provide Select and its patients any and all services that [Good Shepherd] currently provide[d] to [Select] and its patients pursuant to the [parties' agreements]. . . ."[3]

In response, Good Shepherd filed a motion to transfer venue,[4] arguing that, pursuant to Section 15.011 of the Texas Civil Practice and Remedies Code, venue was mandatory in Gregg County.[5] On July 2, 2018, after conducting a hearing, the trial court entered a temporary injunction against Good Shepherd. The temporary injunction contained the same or similar provisions as those set forth in the ex parte temporary restraining order.

Following an interlocutory appeal of the original temporary injunction, the entry of a second temporary injunction, and the filing of an amended petition by Select, Good Shepherd filed an amended motion to transfer venue on November 27, 2018. On the same day, Good Shepherd

---

[3]The hearing on Select's request for a temporary injunction was set for July 2, 2018.

[4]After filing its motion to transfer venue, Good Shepherd filed a motion to continue the temporary injunction hearing, which had been set for one week after Select initiated its lawsuit. In its motion for continuance, Good Shepherd explained that it had not had adequate time to prepare for the July 2 temporary injunction hearing. Citing Rule 86 of the Texas Rules of Civil Procedure, Good Shepherd also maintained that an extension of the hearing date would allow the trial court time to consider its motion to transfer venue prior to issuing a substantive ruling on Select's request for a temporary injunction. *See* TEX. R. CIV. P. 86. The trial court denied Good Shepherd's motion and proceeded with the hearing on Select's request for a temporary injunction.

[5]Section 15.011 states,

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (West 2017).

3

formally noticed Select that a hearing on its amended motion had been scheduled for January 28, 2019.

On November 28, 2018, Select filed a motion for partial summary judgment, asking the trial court to find, among other things, that Good Shepherd had breached the parties' agreements. Select also noticed Good Shepherd that the hearing on its motion for partial summary judgment was scheduled for December 20, 2018. On December 11, 2018, Good Shepherd filed a motion for continuance of the hearing on Select's motion for partial summary judgment, arguing that "blackletter Texas law precludes the Court from ruling upon [Select]'s MSJ before ruling upon [Good Shepherd]'s previously filed Transfer Motion, which [was] set for hearing on January 28, 2019[,]" at 2:30 p.m. Good Shepherd asked the trial court to reschedule the hearing on Select's motion for partial summary judgment to "a reasonable time," which Good Shepherd interpreted as being thirty days after the court signed its written order on Good Shepherd's amended motion to transfer venue. On December 14, 2018, the trial court entered an order granting Good Shepherd's motion for continuance, continuing the hearing on Select's motion for partial summary judgment to "January 28, 2019[,] at 2:30 p.m. after (i) the Court ha[d] held a hearing on and signed an order deciding [Good Shepherd]'s Motion to Transfer venue, and (ii) [Select] ha[d] made its witnesses available for deposition."

II.     Discussion

In its petition for writ of mandamus, Good Shepherd contends that the trial court abused its discretion when it set a hearing on Select's motion for partial summary judgment immediately after hearing and ruling on Good Shepherd's amended motion to transfer venue. Good Shepherd

asks this Court to (1) grant its petition, (2) order the trial court to cancel its hearing on Select's motion for partial summary judgment, and (3) prohibit the trial court from hearing any summary judgment motions or otherwise addressing the merits of the case until thirty days after the court issues its written order on Good Shepherd's motion to transfer venue.

### A.     Relevant Law and Standard of Review

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion, or in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Arbor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding).

A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839. With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for the trial court. *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (orig. proceeding). However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Huie v. De Shazo*, 922 S.W.2d 920, 927 (Tex. 1996) (orig. proceeding); *see In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008) (orig. proceeding). Therefore, an erroneous legal conclusion by the trial court constitutes

5

an abuse of discretion. *Huie*, 922 S.W.2d at 927–28. A clear failure by the trial court to apply the law correctly is an abuse of discretion. *Walker*, 827 S.W.2d at 840.

**B.      Applicability of Rule 87(1) of the Texas Rules of Civil Procedure**

In support of its contention that the trial court abused its discretion when it set the hearing on Select's motion for partial summary judgment immediately after hearing and ruling on Good Shepherd's amended motion to transfer venue, Good Shepherd directs us to Rule 87(1) of the Texas Rules of Civil Procedure. Rule 87(1) states, in part, "The determination of a motion to transfer venue shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits." TEX. R. CIV. P. 87(1). The language of Rule 87(1) patently requires the trial court to issue a ruling on a motion to transfer venue prior to proceeding on the merits of the case.

In addition, Rule 84 of the Texas Rules of Civil Procedure states,

> The defendant in his answer may plead as many several matters, whether of law or fact, as he may think necessary for his defense, and which may be pertinent to the cause, and such matters shall be heard in such order as may be directed by the court, special appearance and *motion to transfer venue, and the practice thereunder being excepted herefrom.*

TEX. R. CIV. P. 84 (emphasis added). Clearly, the "intent of Rule 84 [is] to prevent . . . the trial court proceeding on meritorious matters prior to its determination of whether venue was properly before it." *Glover v. Moser*, 930 S.W.2d 940, 944 (Tex. App.—Beaumont 1996, writ denied). Moreover, Rule 86(1), which is the rule governing motions to transfer venue, states that a party waives any objection to improper venue if the objection is "not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion

6

provided for in Rule 120a." TEX. R. CIV. P. 86(1). Thus, Rule 86(1) also demands due order of a party's pleadings in order to prevent the trial court from proceeding on "matters related to the merits" before determining whether venue is proper. *Glover*, 930 S.W.2d at 941.

In response to Good Shepherd's petition, Select maintains that Rule 87(1) is inapplicable because a hearing on a motion for partial summary judgment is not a trial on the merits, and thus, Good Shepherd's request for mandamus relief should be denied. Citing *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991), Select contends, "Rather, a motion for partial summary judgment, if granted, only becomes final if it is severed, or the remaining issues in the case are disposed of by a trial on the merits or additional summary judgment proceedings."[6] According to Select, Rule 87(1) is not applicable due to the procedural posture of this case. We believe Select's argument is misplaced.

Rule 87(1) speaks to the timely disposition of a motion to transfer venue in juxtaposition to the *commencement* of a trial on the merits. Rather than considering whether the disposition of a motion for partial summary judgment is an appealable final judgment on the merits of a case, we must determine whether a hearing on a motion for partial summary judgment results in "the commencement of trial on the merits."[7] Under the circumstances of this case, we believe it does.

---

[6]Unlike the issue before this Court, *Mower* addressed the preclusive effect of a district court's interlocutory partial summary judgment. In that case, the Texas Supreme Court held that a partial summary judgment was not entitled to collateral effect. *Mower*, 811 S.W.2d at 562.

[7]In support of its position that a hearing on a partial summary judgment is a trial on the merits of the case, Good Shepherd directs us to *Fort Brown Villas III Condominium Association, Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (holding that a summary judgment motion hearing is a "trial" under TEX. R. CIV. P. 193.6's automatic exclusion for failing to timely disclose evidence); *Goswami v. Metropolitan Savings & Loan*, 751 S.W.2d 487 (Tex. 1988) (holding that a summary judgment hearing is a "trial" under TEX. R. CIV. P. 63's deadline to amend a petition);

7

When determining whether "commencement of the trial on the merits," as it is used in Rule 87(1), includes a hearing on Select's motion for partial summary judgment, we must give effect to the plain meaning of the text unless it is ambiguous or leads to an absurd result. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). In determining the plain meaning of the Rule, we may consult dictionary definitions and consider words in their usual context.[8] TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). Merriam-Webster Dictionary defines "commence" as "to have or make a beginning: START."[9] *Commence*, MERRIAM-WEBSTER DICTIONARY (11th ed. 2006). In addition, Black's Law Dictionary defines "merits" as "[t]he elements or grounds of a claim or defense; the substantive considerations to be taken into account in deciding a case, as opposed to extraneous or technical points, esp. of procedure[.]" *Merits*, BLACK'S LAW DICTIONARY (10th ed. 2014).

In its amended petition, Select alleges that Good Shepherd and Select entered into a valid, enforceable lease, along with ancillary agreements. It alleged further that Good Shepherd materially breached the agreements and threatened to breach them in the future. In its motion for partial summary judgment, Select stated, "Whether [GOOD SHEPHERD] breached the contract

---

*Lee-Hickman's Investments v. Alpha Invesco Corp.*, 139 S.W.3d 698, 701 (Tex. App.—Corpus Christi 2004, no pet.) (per curiam) (holding summary judgment hearing is a "trial" within the meaning of Section 51.014(b) of the Texas Civil Practice and Remedies Code); and *ASI Aviation, LLC v. Arnold & Itkin, LLP*, Nos. 13-16-00612-CV & 13-17-00122-CV, 2018 WL 6217699, at *3 (Tex. App.—Corpus Christi 2018, no pet.) (mem. op.). However, because these cases address summary judgment motions that dispose of all of the issues in the case, we find them to be distinguishable from the facts of this case.

[8]Section 311.011(a) states, "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West 2013).

[9]The term also means "to take the first step in a course, process, or operation."

8

is a question of law for the court, not a fact question for the jury." "Select is entitled to summary judgment, as a matter of law, on its breach of contract claims because no genuine issue of material fact exists that [GOOD SHEPHERD] breached the [agreements]." Select asked the trial court to grant partial summary judgment on this basis and to find, as a matter of law, that Good Shepherd breached and anticipatorily breached the agreements.

In order for the trial court to determine whether Good Shepherd breached the parties' agreements, it is required to reach one of the substantive claims contained in Select's amended petition. This is so regardless of the fact that the trial court's determination would not be appealable until the remainder of Select's claims have been addressed. We therefore conclude that, when a trial court "begins" or "starts" the process of ruling on substantive matters in a case, such as is required in deciding a dispositive issue in a partial summary judgment motion, it has commenced with the trial on the merits for purposes of Rule 87(1) of the Texas Rules of Civil Procedure.

### C. Availability of a Clear and Adequate Remedy at Law

Select also contends that mandamus should not issue in this case because Good Shepherd has an adequate remedy at law. It is well settled that "[m]andamus will not issue where there is 'a clear and adequate remedy at law[.]'" *See Walker*, 827 S.W.2d at 840 (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding)). The Texas Supreme Court has adopted a balancing test to determine whether a party has an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *see In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding). Under this balancing test, a remedy available on

9

direct appeal is adequate when the detriments of mandamus review outweigh the benefits. *Prudential Ins. Co.*, 148 S.W.3d at 136. If the benefits of mandamus review outweigh the detriments, the appellate court must determine whether the remedy by appeal is adequate. *Id*. The Texas Supreme Court reasoned:

> The operative word, "adequate," has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. . . . An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments.

*Id*. The Texas Supreme Court stated, "Whether an appellate remedy is 'adequate' so as to preclude mandamus review depends heavily on the circumstances and is better guided by general principles than by simple rules." *Id*. at 137. The Texas Supreme Court, however, still emphasized that mandamus review should be limited to "exceptional cases" and only to prevent impairment of "important substantive and procedural rights." *Id*. at 136.

In support of its contention that Good Shepherd has an adequate remedy at law, Select directs us to Section 15.0642 of the Texas Civil Practice and Remedies Code, stating that Good Shepherd would have a right to seek immediate review of a denial of its claim for mandatory venue.[10] Good Shepherd maintains that "the court's scheduling of the hearings prevents [it] from

---

[10]Section 15.0642 states,

> A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter. An application for the writ of mandamus must be filed before the later of:
> > (1)      the 90th day before the date the trial starts; or
> >
> > (2)      the 10th day after the date the party receives notice of the trial setting.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2017).

seeking mandamus review of an adverse venue ruling and a stay before the trial court adjudicates the merits of the case." We agree with Good Shepherd. The very purpose of the venue statutes is to give a defendant the right to defend the merits of the case in the proper county. *Wagner v. Kroger*, 663 S.W.2d 43 (Tex. App.—Houston [14th Dist.] 1983, writ dism'd). Accordingly, Good Shepherd is entitled to have the venue question resolved before it is required to try the case on *any* of the merits. To hold otherwise would virtually eliminate the need for those statutes.

Notably, under Rule 84 of the Texas Rules of Civil Procedure, the trial court has broad discretion to determine the order of proceedings, but that discretion is limited when deciding motions to transfer venue. *See Glover*, 930 S.W.3d at 941. In this case, Good Shepherd followed all of the necessary requirements in perfecting its claim of improper venue. Once Good Shepherd filed its amended motion to transfer venue and requested a hearing, the trial court was required to rule on that motion within "a reasonable time prior to commencement of the trial on the merits." *See* TEX. R. CIV. P. 87(1). We do not consider the trial court's determination of venue made immediately prior to conducting a hearing on the merits of the case as constituting a "reasonable time." Consequently, we find that the trial court abused its discretion when it scheduled a hearing on Select's motion for partial summary judgment immediately after hearing and ruling on Good Shepherd's amended motion to transfer venue. Thus, mandamus is an appropriate avenue in which to correct the trial court's failure to observe Rule 87(1).

11

## III.  Conclusion

Accordingly, we conditionally grant Good Shepherd's petition for writ of mandamus and direct the trial court to set Good Shepherd's amended motion to transfer venue for a hearing and rule on its motion within a reasonable time prior to hearing Select's motion for partial summary judgment.  We are confident the trial court will comply with this opinion, and the writ will issue only in the event it does not.  *See* TEX. R. APP. P. 52.8.


Jack Carter
Justice

Date Submitted:    March 5, 2019
Date Decided:      March 6, 2019