

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00090-CV

---

IN RE T.B.

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Mother and Father are joint managing conservators of their son, L.A.W. Mother, who has the right to designate L.A.W.'s primary residence, filed a petition for a writ of mandamus complaining of oral statements made by the trial court during a hearing on Father's motion to enforce a prior geographical restriction.[1] Mother argues that the trial court entered a temporary order requiring her to sell her house. Because we conclude there was no such order, we deny the petition.

## I. Standard of Review

"Mandamus is an extraordinary remedy." *In re Good Shepherd Hosp., Inc.*, 572 S.W.3d 315, 319 (Tex. App.—Texarkana 2019, orig. proceeding). To be entitled to mandamus relief, the relator must show "(1) a clear abuse of discretion or violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law." *Id.* (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). The relator is obligated to provide this Court with a record sufficient to establish her right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); TEX. R. APP. P. 52.7.

Mother admits that there are no written temporary orders. "Mandamus actions based upon a court's oral pronouncements are generally discouraged." *In re Long*, No. 06-20-00039-CV, 2020 WL 5028779, at *4 (Tex. App.—Texarkana Aug. 25, 2020, orig. proceeding) (mem.

---

[1]To protect the child's identity, we refer to him by his initials and to his parents by pseudonym. *See* TEX. R. APP. P. 9.8.

op.) (quoting *In re Rhew*, No. 05-16-00411-CV, 2016 WL 1551724, at *1 (Tex. App.—Dallas Apr. 15, 2016, orig. proceeding) (mem. op.) (citing *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding))); *see In re Cuellar*, No. 05-21-00683-CV, 2022 WL 278238, at *1 (Tex. App.—Dallas Jan. 31, 2022, orig. proceeding) (mem. op.). "An oral order by a trial judge may be considered on mandamus only if it is adequately shown by the trial court record." *In re Long*, 2020 WL 5028779, at *4 (quoting *In re Rhew*, 2016 WL 1551724, at *1) (citing *In re Winters*, No. 05-08-01419-CV, 2008 WL 4816379, at *1 (Tex. App.—Dallas Nov. 6, 2008, orig. proceeding) (mem. op.)). "An oral ruling is subject to mandamus review only if it is clear, specific, and enforceable." *Id.* (quoting *In re Rhew*, 2016 WL 1551724, at *1) (citing *In re Bledsoe*, 41 S.W.3d at 811; *In re Kelton*, No. 12-11-00355-CR, 2011 WL 5595219, at *1 (Tex. App.—Tyler Nov. 17, 2011, orig. proceeding) (per curiam) (mem. op., not designated for publication)). "An appellate court can determine whether an oral order meets these criteria by reviewing the reporters record from the hearing." *Id.* (quoting *In re Rhew*, 2016 WL 1551724, at *1) (citing *In re Bledsoe*, 41 S.W.3d at 811; *In re Winters*, No. 05-08-01486-CV, 2008 WL 5177835, at *1 n.1 (Tex. App.—Dallas Dec. 11, 2008, orig. proceeding) (mem. op.)).

"When an oral ruling 'does not reveal a pronouncement that, standing alone and without reference to other documents, is sufficiently clear or specific . . . ,' we cannot conclude that a trial court abused its discretion." *Id.* (citing *In re Greyhound Lines, Inc.*, No. 05-14-01164-CV, 2014 WL 5474787, at *3 (Tex. App.—Dallas Oct. 29, 2014, orig. proceeding) (mem. op.). The ruling must indicate a present intent, as opposed to future intent, to render a decision. *In re*

*Bledsoe*, 41 S.W.3d 807, 811–12 (Tex. App.—Fort Worth 2001, orig. proceeding) (citing *James v. Hubbard*, 21 S.W.3d 558, 561 (Tex. App.—San Antonio 2000, no pet.)).

## II. Background

In March 2022, the trial court entered a final order in a suit to modify the parent-child relationship, which gave Mother the "exclusive right to designate the primary residence of the child within a 200-mile radius of Harrison County, Texas." The order further specified that, if Mother were to relocate outside of the 200-mile radius, "then [Father] [would] become the primary joint managing conservator with the exclusive right to designate the primary residence of the child within a 200-mile radius of Harrison County." In September, Father filed a motion to enforce that provision, arguing that Mother had moved to Seabrook, Texas, which he represented was outside of the 200-mile radius of Harrison County.

On October 31, the trial court held a hearing on the motion for enforcement. After the hearing, the parties agreed that Mother and her fiancée had moved "greater than 200 miles in driving time," and the trial court expressly deferred a finding on the motion to enforce and said it would not make a finding "until . . . a later hearing[,] if necessary." Instead, the trial court outlined what was "going to happen [that day] for a temporary basis," by stating, "[L.A.W.] will continue to live with his mother until the end of this semester or January 1st, whichever comes first. . . . Come January 1st, [Mother] either live[s] within the 200-mile radius or [L.A.W.] goes to live with his father and he gets custody." After the trial court asked if the parties had questions, Mother's counsel sought to clarify whether they had to be physically relocated by

January 1 "as long as they [had] something on paper that [they were] moving." The trial judge responded, "They have to have a contract for sale."[2]

### III. There Was No Clear and Specific Temporary Order to Sell Mother's House

Mother argues in her petition for a writ of mandamus that the transcript establishes that the trial court entered temporary orders requiring her to obtain a contract to sell her home. We disagree. Instead, we conclude that the trial court deferred its ruling on the motion to enforce, reminded Mother of the prior geographical restriction in the March 2022 order, and warned Mother that she had "until January 1st to fix that issue." In our view, the trial court gave Mother a grace period to ensure compliance with its prior order.

In context, we consider the trial court's comments as an indication on how he might rule on Father's motion to enforce the geographical restriction in the future. While, in response to counsel's question, the hearing transcript showed the type of evidence that the trial court would accept at "a later hearing[,] if necessary," we find that the transcript was not clear and specific enough to constitute an order to sell the house.[3] On the record provided, we conclude that Mother failed to demonstrate an entitlement to mandamus relief.

---

[2]Father also filed a petition to modify the parent-child relationship and prayed that he be given the right to designate L.A.W.'s primary residence. The trial court had not ruled on Father's petition at the time this opinion issued, to our knowledge. Nevertheless, Mother complains that the trial court abused its discretion "by changing—on temporary orders . . .—the designation of the parent with the primary right to determine the child's residence from Mother to Father." Because the alleged temporary orders did not give Father the primary right to determine L.A.W.'s residence, we find this argument meritless. We also decline to address Mother's arguments related to the merits of Father's petition, which are not ripe for review until determined by the trial court.

[3]Mother complains that the 200-mile restriction is ambiguous and that the trial court orally ruled that she had to live within a 200-mile driving range of Harrison County, Texas. Because the trial court did not rule on the motion to enforce the geographical restriction, the issue of whether the geographical restriction is measured by linear or driving distance is still pending before the trial court. As a result, Mother's arguments in her petition for a writ of mandamus inviting this Court to rule on which measurement is proper are premature and invite an advisory opinion.

5

## IV.    Conclusion

We deny the petition for writ of mandamus.[4]  *See* TEX. R. APP. P. 52.8(a).



                                        Charles van Cleef
                                        Justice


Date Submitted:      December 19, 2022
Date Decided:        December 20, 2022

---

[4]In conjunction with the petition for a writ of mandamus, Mother filed a motion for an emergency stay of the trial court's temporary orders.  Because we deny the mandamus petition, the emergency motion is denied.