

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00034-CV

IN RE GILEAD SCIENCES, INC.

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Gilead Sciences, Inc., petitions this Court to issue a mandamus directing the trial court to vacate its order ending the stay of this case. We deny the petition for a writ of mandamus.

## I. Factual Background

"On March 16, 2017, the United States and twenty-nine states, including Texas, through their *qui tam* relator, Toby Travis, sued Gilead [Sciences, Inc.,] . . . in the Eastern District of Pennsylvania for[, among other things,] violating the . . . TMFPA [Texas Medicaid Fraud Prevention Act]." *In re Gilead Scis., Inc.*, No. 06-21-00030-CV, 2021 WL 4466006, at \*2 (Tex. App.—Texarkana Sept. 30, 2021, orig. proceeding) (mem. op.). After the Pennsylvania Action was filed, Health Choice Advocates, LLC (HCA), filed a *qui tam* action on behalf of the State of Texas under the TMFPA against Gilead Sciences, Inc. (HCA's suit), in the 71st Judicial District Court of Harrison County. HCA's suit was stayed. In September 2022, the relator in the Pennsylvania Action filed a motion for leave to file a fourth amended complaint that would remove all TMFPA claims. On February 16, 2023, the Eastern District of Pennsylvania granted the motion "and remove[d] the State of Texas as a party plaintiff."

A few days later, HCA filed a motion asking the trial court to lift the stay it had previously entered. The trial court lifted that stay and, as a result, Gilead filed this petition for a writ of mandamus asserting that the trial court's action constituted an abuse of discretion.

## II. Standard of Review

"Mandamus is an extraordinary remedy . . . ." *In re Good Shepherd Hosp., Inc.*, 572 S.W.3d 315, 319 (Tex. App.—Texarkana 2019, orig. proceeding). To be entitled to mandamus

2

relief, the relator must show "(1) a clear abuse of discretion or violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law." *Id.* (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)).

### III.    Conclusion

The Court, having examined and fully considered the petition for a writ of mandamus, the response, the reply, and the applicable law, is of the opinion that the mandamus petition should be denied.

We deny the petition for a writ of mandamus.[1]

Charles van Cleef
Justice

Date Submitted:      May 4, 2023
Date Decided:        May 5, 2023

---

[1]As a result of our ruling, we also deny Gilead's accompanying motion for a temporary stay.