

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00029-CV

---

IN RE JEFFERY DON BROCK

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

By his petition for a writ of mandamus, Relator, Jeffrey Don Brock, asks this Court to order the Honorable Joe Black, presiding judge of the County Court at Law of Harrison County, Texas, to rule on his motion to compel an accounting of the Estate of Allie Marie Schuler Brock Fugler. We deny the mandamus petition.

## I.      Factual Background

The record provided to us indicates that Brock petitioned for mandamus regarding a motion to compel *prior to* the deadline for production set by his own request. On January 15, 2026, Brock emailed Dean Searle, counsel for Charles Tackett (the executor), requesting "[p]ursuant to **Texas Estates Code § 404.001**[,] . . . **a full, verified accounting of the Estate** . . . within the time required by law on or before March 16, 2026." The statute cited by Brock's request states, "Should the independent executor not comply with a demand for accounting authorized by this section within [sixty] days after receipt of the demand, the person making the demand may compel compliance by an action in the probate court." TEX. EST. CODE ANN. § 404.001(b). Brock and Tackett dispute earlier events in the case. Nonetheless, the record provided to us shows that Brock was willing to accept an accounting provided by March 16, 2026.

Before March 16, 2026, Brock filed: (i) a motion to compel on January 28; (ii) a request for submission or hearing on the motion on January 29; (iii) a request for ruling on February 19; and then (iv) the present mandamus on March 10, 2026.

Tackett's response in our Court states that he filed a verified accounting of the Estate in the Harrison County Court at Law on March 13, 2026, and served it upon Brock at that time. Brock filed a reply asserting that the trial court clerk had initially rejected the accounting and did not accept it fully until March 20, 2026. Brock asserts that his mandamus is not moot because the 1,600-page accounting, in his view, is deficient, and the trial court still needs to rule on his motion to compel.

## II.     Standard of Review

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law." *In re Good Shepherd Hosp., Inc.*, 572 S.W.3d 315, 319 (Tex. App.—Texarkana 2019, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)); *see Paxton v. Am. Oversight*, 716 S.W.3d 535, 540 (Tex. 2025) ("This Court often issues the writ of mandamus—or does so provisionally—to compel a lower court to perform a duty that is 'simply ministerial and involves no judicial discretion." (quoting *Lloyd v. Brinck*, 35 Tex. 1, 9 (Tex. 1872) (orig. proceeding))).

"Once a ruling has been requested on a motion pending before a trial court, the trial court is required to consider and rule on a motion within a reasonable time." *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding); *see In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding) ("To obtain mandamus relief here, [Relator] must establish that:  (1) the motion was properly filed and had been pending for a

3

reasonable time; (2) [he] requested a ruling on the motion; and (3) the trial court has either refused to rule or failed to rule within a reasonable time.").

## III.   Analysis

Brock petitioned for mandamus on March 10, 2026, seeking a ruling on a motion to compel an accounting which, by Brock's own request, was not due until March 16, 2026.  Brock was not entitled to the extraordinary writ as of the date of his petition.

As for dates afterwards, Brock has not developed a record showing whether his complaints about the accounting he got fit within his motion to compel (i.e., to get) that accounting, nor has he shown that he requested the trial court to rule on his post-receipt complaints about that accounting.

We deny Brock's requested mandamus relief.

Jeff Rambin
Justice

Date Submitted:      April 24, 2026
Date Decided:        April 27, 2026

4